# JULY, 1942

THE EMPLOYER'S LIABILITY ASSURANCE CORPORATION,
LIMITED, V. THE TRANE COMPANY.

No. 7917. Decided July 1, 1942.
(163 S. W., 2d Series, 398.)

*W. B. Handley,* of Dallas, for plaintiff in error.

*Virgil M. Blow* and *Ernest May, both* of Fort Worth, for defendant in error.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The suit is by The Trane Company against Employers' Liability Assurance Corporation, Limited, surety on subcontractor's bond to original contractor, for the recovery of $700.00 on account of materials sold and delivered by The Trane Company to L. Armstrong, subcontractor, who had agreed by written contract to furnish to R. F. Ball Construction Company, the original contractor, all labor and materials in the installation of plumbing, heating and gas piping in a nurses's home to be constructed for the City-County Hospital in Fort Worth. Judgment of district court in favor of The Trane Company for $700.00 was affirmed by the Court of Civil Appeals. 153 S. W. (2d) 848.

R. F. Ball Construction Company as general contractor made a contract with Tarrant County and the City of Fort Worth for the construction of the building and complied with Article 5160, Revised Civil Statutes of 1925, as amended by Chapter 226, Acts Regular Session, 41st Legislature, by giving bond as required by that statute. The contract between R. F. Ball Construction Company ,general contractor, and L. Armstrong, subcontractor, obligated the subcontractor substantially as follows: to furnish at his own expense all labor and material and to complete in workmanlike manner the installation of plumbing, heating and gas piping in the building; to pay promptly for all labor and material used and protect the owner and the original contractor from all claims, mechanic's liens and judgments; to protect the work and become liable for all loss or damages to material incorporated therein; to make good all defects in the work; to keep the building and premises free from rubbish; to protect and indemnify the original contractor and owner from all claims and suits for damages or injuries to persons or property received or sustained through or on account of any act or default of the subcontractor; to carry workmen's compensation and public liability insurance satisfactory to the original contractor; to prosecute the work with diligence and complete it within the time specified.

The subcontractor was required by the contract to furnish to the original contractor "a bond guaranteeing the faithful performance of all the provisions of this contract, with surety satisfactory to R. F. Ball Construction Company in the sum of $10,000.00; the attached form of bond shall be executed and then become a part of this contract."

Pursuant to the contract the bond on which this suit is brought was executed by Armstrong as principal and plaintiff in error, Employers' Liability Assurance Corporation, Limited, as surety. By its terms the principal and surety acknowledge themselves held and bound to pay to R. F. Ball Construction Company the sum of $10,000.00, conditioned as follows:

"The condition of the above obligation is such that, whereas, R. F. Ball Construction Company, upon the faith and credit of this bond, has entered into the foregoing contract with the above named principal;

"Now, therefore, if the said principal shall well, truly and faithfully keep and perform all of the terms, provisions, covenants and conditions of the foregoing contract, including changes or additions, if such be made, not exceeding in extra cost fifty per cent of the original gross consideration, as named in the foregoing contract (the said Surety hereby expressly waiving all rights to be notified of, or by any further act to give assent to such changes and additions, within the limits of such cost aforesaid) ; and shall repay said R. F. Ball Construction Company all costs and expenses said R. F. Ball Construction Company may incur in the prosecution of any suit or suits which they may maintain against said Principal on account of any breaches of said contract or of this bond; then, this obligation shall be void; otherwise, the same shall remain in full force and virtue."

The Court of Civil Appeals held that the bond above quoted, when read in connection with the contract, contains, or in effect amounts to, a definite promise on the part of the principal and the surety to pay promptly when due for all labor and materials; that this promise is unnecessary for the protection of the orginal contractor; and that defendant in error, whose bill for material used in the work has not been paid, can sue and recover on the bond in its own name.

■ Application for writ of error was granted on account of conflict between the decision of the Court of Civil Appeals in this case and that of the Court of Civil Appeals in Metropolitan Casualty Ins. Co. v. Texas Sand & Gravel Company, 68 S. W. (2d) 551. In our opinion there exists the conflict of decision and opinion that gives this court jurisdiction of the case under Subdivision 2 of Article 1728 of the Revised Civil

Statutes of 1925, as amended by Chapter 144, Acts Regular Session, 40th Legislature. The decisions are based on practically the same state of facts and announce antagonistic conclusions. State Mutual Insurance Co. v. Roberts, Willis & Taylor Co., 90 Texas 78, 37 S. W. 311; Garitty v. Rainey, 112 Texas 369, 247 S. W. 825.

In Metropolitan Casualty Insurance Co. v. Texas Sand & Gravel Company, as in the instant case, the original contract was for public work, the original contractor had given the bond required by Article 5160, and the plaintiff, having furnished labor or material to a subcontractor, sought to recover on the bond given by the subcontractor to the original contractor. The condition of the bond in that case was that if the principal "shall in all things well and truly perform all the terms and conditions of the foregoing contract * * * and shall pay all claims for labor performed and materials furnished * * * then this obligation is to be void." The defeasance clause of the bond on which this suit is brought is, as hereinafter more fully shown, in substance and in legal effect the same as the defeasance clause of the bond construed in the Metropolitan Casualty Insurance Company case. The Court of Civil Appeals in that case held that the provision of the bond that the subcontractor should pay all claims for labor performer and materials furnished was necessary for the protection of the original contractor and should be construed as inserted for his benefit and not for the benefit of third parties, and that the bond was one of indemnity for the original contractor's protection and did not inure to the benefit of the plaintiff who furnished labor and material.

■ The general rule followed in Metropolitan Casualty & Insurance Company v. Texas Sand & Gravel Company, that a bond conditioned substantially as the bond construed in that case is a bond of indemnity for the protection of the payee and is not for the benefit of laborers and materialmen, is well established in this State. National Bank of Cleburne v. Gulf C. & S. F. Railway Company, 95 Texas 176, 66 S. W. 203; Standard Accident & Insurance Co. v. Blythe, 130 Texas 201, 107 S. W. (2d) 880; Oak Cliff Lumber Co. v. American Indemnity Co., 266 S. W. 429; General Bonding & Casualty Ins. Co. v. Waples Lumber Co., 176 S. W. 651 (application for writ of error refused); Maryland Casualty Co. v. Dave Lehr, Inc., 110 S. W. (2d) 921. Confusion that arose by reason of certain

decisions reviewed in Standard Accident & Insurance Co. v. Blythe, supra, and upon some of which decisions defendant in error relies in the instant case, was removed when the court, in the Blythe case, carefully reconsidered the question and approved and reannounced the rule as stated in the opinion by Associate Justice Brown in National Bank of Cleburne v. Gulf, C. & S. F. Ry. Co., 95 Texas 176, 66 S. W. 203.

The substance of the condition of the bond in each of the cases above cited as supporting the general rule is that if the principal shall faithfully perform the terms and conditions of the contract, make payment for all labor performed and materials furnished and hold the payee harmless from all claims, demands, etc., the obligation shall be null and void, otherwise to remain in full force and effect. As has been said, the condition or defeasance clause in the bond on which this suit is brought is, in substance and effect, the same as the condition or defeasance clause in the bonds involved in those cases. The condition in the bond signed by plaintiff in error as surety is: "If the said principal shall well, truly and faithfully keep and perform all of the terms, provisions, covenants and conditions of the foregoing contract * * * then this obligation shall be void; otherwise the same shall remain in full force and virtue." The clause does not in its own terms contain the obligation of the principal to pay for labor and material, nor does it set out any of the other obligations imposed by the contract upon the principal, but it is inclusive of all of them when it provides that the condition is that the principal shall keep and perform all of the terms, conditions and covenants of the contract; and, because it does so provide, the condition of defeasance clause of the bond is necessarily in meaning and in legal effect the same as if the several obligations imposed upon the principal by the contract were fully set out in the bond as parts of that clause. In other words, the obligation of the principal to pay for labor and material is made by reference a part of the condition stated in the bond. The substance of the defeasance clause or condition thus construed is that if the principal shall perform the terms and conditions of the contract and pay for all labor and materials used and required and protect the contractor and owner from all claims, etc., then the obligation shall become null and void.

When this construction is given to the bond, the case is ruled by the National Bank of Cleburne case and the Blythe

case above cited, unless it falls within a recognized exception of the rule. That exception is that if the provision of the defeasance clause for payment of claims for labor and materials is not necessary for the protection of the payee, the bond may be construed as intended for the benefit of laborers and materialmen. Mosher Mfg. Co. v. Equitable Surety Co. (Com. App.) 229 S. W. 318; Metropolitan Casualty Ins. Co. v. Texas Sand & Gravel Co., 68 S. W. (2d) 551.

The bond sued upon is not within the exception, because the provision in the contract between the original contractor, R. F. Ball Construction Company and L. Armstrong, subcontractor, R. F. Ball Construction Company and L. Armstrong, subcontractor, that the latter shall pay for all labor and material, made by reference a part of the defeasance clause in the bond, was necessary for the complete protection of R. F. Ball & Company, payee in the bond. Necessity of protection of the original contractor against payment for labor and material furnished to the subcontractor arose out of Article 5160 of the Revised Civil Statutes, with which the contractor, R. F. Ball & Company, complied by filing a bond, and sections 1 and 2 of Chapter 17, Acts Regular Session, 39th Legislature (Articles 5472a and 4572b, Vernon's Annotated Civil Statutes). Those statutes impose upon original contractors for the construction of public improvements liability to laborers and materialmen for labor and material furnished to subcontractors and make funds payable to original contractors subject to liens in favor of such laborers and materialmen. Smith v. Texas Company, (Com. App.) 53 S. W. (2d) 774; Texas Company v. Schriewer, 38 S. W. (2d) 141; Fennell v. Trinity Portland Cement Co., 209 S. W. 796 (application for writ of error refused); Huddleston & Work v. Kennedy, (Com. App.) 53 S. W. (2d) 1009.

The petition taken by defendant in error is that its case is founded upon an unqualified promise, contained in the contract, to pay for labor and material and not upon the defeasance clause of the surety bond and that the case is controlled by the rule stated in American Employers' Insurance Co. v. Roddy, (Com. App.) 51 S. W. (2d) 280, 283, as follows:

"If other language contained in the instrument disclose a promise, on the part of the contractor and his surety, to pay the claims of laborers and materialmen, and nothing to the contrary appears, the bond will be deemed to have been made

for the benefit of laborers and materialmen as well as of the obligee in the bond."

In that case the other language outside of the defeasance clause, by reason of which it was held that surety was liable to laborers and materialmen, was a recital in the bond that it was executed "to guarantee * * * the payment of all claims of each and every subcontractor, workman, laborer, mechanic, and furnished of material unto the said Ray Phillips, as contractor, arising or growing out of their said contract, their heirs or assigns, as their interest may appear." There is no similar recital or statement in the bond upon which this suit is brought. The bond does not provide that it guarantees performance of the covenants of the subcontractor. While Article XVI of the contract between the original contractor and the subcontractor required the latter to furnish to the former a bond guaranteeing the faithful performance of all of the obligations of the contract, it further provided that the bond should be executed on the form attached thereo and should then become a part of the contract. The form attached to the contract and used in the execution of the bond is the ordinary form, a promise to pay a stated sum, followed by the defeasance clause which has been quoted. The bond is to be read and construed in connection with the contract, and the obligations imposed upon the subcontractor by the contract are read into the defeasance clause of the bond because the condition is that if the principal shall perform all the terms and conditions of the contract the obligation shall be void. But the obligations of the surety arise out of and are imposed by the bond and are measured and determined by its terms. The bond contains no expression of an intention that it shall inure to the benefit of third parties, no promise on the part of the obligors to make payment for labor and material and no recital or statement that it is executed to guarantee the performance of the covenants of the contract. It speaks of the terms and covenants of the contract only in expressing the condition upon which the obligors' liability to the obligee is defined and for the breach of which they would be liable to the obligee itself. The bond is one of indemnity to R. F. Ball & Company, intended and given as additional security to it for the performance of the contract. National Bank of Cleburne v. Gulf, C. & S. F. Ry. Co., 95 Texas 176, 66 S. W. 203.

The judgments of the Court of Civil Appeals and the district court are reversed and judgment is here rendered that defendant in error take nothing by its suit.

Opinion adopted by the Supreme Court July 1, 1942.