## KNOX v. BALL et al.

No. 11626.

Court of Civil Appeals of Texas. Galveston.

Dec. 21, 1944.

Rehearing Denied Jan. 24, 1945.

Devereaux Henderson, of Houston, for appellant.

Cole, Patterson, Cole & McDaniel, of Houston (Robt. L. Cole, Sr., of Houston, of counsel), for appellees R. F. Ball, National Surety Corporation and Standard Accident Ins. Co.

Albert J. De Lange, of Houston, for appellee Housing Authority of Houston.

CODY, Justice.

This is an appeal from the action of the court sustaining special exceptions of certain of the defendants to plaintiff's first amended original petition, and from the court's further action, when plaintiff declined further to amend, dismissing his petition as against such defendants.

The suit is one to recover the premiums due by W. F. Warfield & Company, Inc., on certain policies of workmen's compensation and liability insurance which were issued by United Employers' Casualty Company. No contention is made that the defendant W. F. Warfield & Company, Inc., is not liable for the premiums. To the contrary, the record shows that, following the dismissal of plaintiff's petition against the other defendants, the trial proceeded to judgment on the merits against W. F. Warfield & Company, Inc., for the full amount of the premiums sued for; and no appeal has been prosecuted by that defendant from such judgment. But W. F. Warfield & Company, Inc., appears to have become wholly insolvent, so that such judgment is of little practical value.

From the allegations of the petition it appears that defendant W. F. Warfield & Company, Inc., was a subcontractor on a public project, for the construction of which R. F. Ball Construction was the general contractor. The plaintiff sued, in addition to W. F. Warfield & Company, Inc., the surety on said subcontractor's bond, Standard Accident Insurance Company; R. F. Ball Construction Company, general contractor; and the surety on said general

contractor's bond, National Surety Corporation of New York; plaintiff also sued the Housing Authority of the City of Houston, hereafter called "Housing Authority", but the action was urged against the Housing Authority only on an alternative which, upon the holding hereafter made, strikes down the action against said Housing Authority.

The plaintiff is Will G. Knox, receiver of United Employers' Casualty Company. Since he merely asserts rights which he claims to have succeeded to from United Employers' Casualty Company, in order to avoid unnecessary awkwardness of expression, the term plaintiff will be used to refer to United Employers' Casualty Company, and to the receiver, indifferently.

According to the allegations of plaintiff's petition: The Housing Authority, pursuant to a loan contract which it had entered into with the Federal Housing Authority, made a contract with R. F. Ball Construction Company, by the terms of which R. F. Ball Construction Company was obligated, as general contractor, to construct in the City of Houston, for Housing Authority, as owner, according to plan and specifications, at a cost of $1,148,430, a certain public project, known as "Cuney Homes" consisting of low rent houses.

The petition further alleged that the construction contract between the Housing Authority and R. F. Ball Construction Company (hereafter called "general contractor") consisted of the following instruments:

1. General scope of work for base, proposal No. 1.

2. Addenda No. 1 and No. 2.

3. General conditions.

4. Instructions to Bidders.

5. The detailed specifications.

6. The drawings.

7. Advertisement for bids.

9. Contractor's bid as accepted by the local authority.

10. The main contract itself, consisting of a printed volume of some four hundred pages.

It was alleged further: That by the terms of said contract the general contractor was required to furnish a satisfactory performance and payment bond in an amount of at least 50% of the contract price, and said bond to be in the form prescribed in the specifications, which form

of bond, as executed by the general contractor, and general contractor's surety, is appended hereto, and marked Exhibit "A".

That, by paragraph 47 of the General Conditions, it was provided that the general contractor shall carry workmen's compensation insurance for all employees engaged in work on the project, and shall carry public liability insurance, to protect the general contractor against claims for personal injuries and death which may occur on the project.

That, by paragraph 47 of said General Conditions, it is provided that if any part of such contractor's contract is sublet, the contractor shall require his subcontractor to maintain such compensation and public liability policies.

That, by paragraph 31 of said General Conditions, the general contractor was required to deliver the improvements to the local authority free from any claim, liens, or charges, and bound the general contractor to agree that neither he nor any creditor furnishing any material or labor shall have any right or lien upon the premises or improvements.

That, by subparagraph B, paragraph 18, of the General Conditions, it is provided: "It is understood that except as otherwise specifically stated in the contract documents, the contractor shall provide and pay for all materials, labor, tools, equipment, water, light, power, transportation, superintendence, temporary construction of every nature, all other services, facilities, and costs of every nature, whatsoever necessary to execute and complete the entire work to be done under the contract documents and deliver it complete in every respect."

That the general contractor made a subcontract with defendant W. F. Warfield & Company, Inc., whereby it hired said subcontractor to perform for the general contractor, and under its supervision, all the obligations of the general contract respecting items of paving, etc.

That the contract with defendant W. F. Warfield & Company, Inc., provided in part:

"The contractor shall be bound to R. F. Ball Construction Company for all the terms and provisions of the general conditions of the specifications in the same manner that R. F. Ball Construction Company is bound to the owner, with like force and effect and in all respects as if the same were set out in full herein and attached hereto.

"The contractor (i.e. subcontractor) shall carry Workmen's Compensation and Public Liability insurance with responsible companies satisfactory to R. F. Ball Construction Company. * * *.

"This contract (i.e. subcontract) subject to terms and conditions of the general conditions of the specifications and other contract documents. Contractor is to comply with all city, state and U. S. Housing Authority rules and regulations."

"The contractor shall forthwith furnish to R. F. Ball Construction Company a bond, guaranteeing the faithful performance of all the provisions of this contract."

Plaintiff's petition also duly alleged the execution by defendant W. F. Warfield & Company, Inc., of the bond which is marked Exhibit "B", and appended to this opinion.

Plaintiff alleged that the bonds executed by the general contractor, and by the subcontractor, and by their surety, respectively, and the policies of insurance delivered by plaintiff to the subcontractor were intended to comply with the provisions of aforesaid construction contract, and subcontract; and that said contracts and bonds were executed pursuant to the regulations of the United States Housing Authority, and all relevant state and federal rules.

Plaintiff's petition is quite lengthy, and enough has been set forth to determine whether it stated a cause of action as against defendant's special exceptions. The special exceptions challenged, in detail, whether the petition stated a cause of action against either the general contractor, the surety on the general contractor's bond, or the surety on the subcontractor's bond.

The grounds, upon which liability was asserted, boil down to these:

That the general contractor was liable under the express terms of the contract, having obligated itself to provide and pay for whatever was required to complete the contract, and this included the policies of insurance. So that the general contractor was by express contract bound to pay for the premiums which had been carried on said policies. That the general contractor and its surety are liable by the terms of the performance bond executed by them, considered in the light of the regulations and statutes pursuant to which said bond was executed.

That the surety of the subcontractor is liable by the terms of said bond, considered

in the light of the regulations, and statutes pursuant to which same was executed, and in the light of the fact that the bond guaranteed to the general contractor the faithful performance of that part of the construction contract sublet to the subcontractor, including the obligation to provide and pay for the policies of insurance.

After this case was submitted the Austin Court of Civil Appeals handed down its decision in Standard Accident Ins. Co. v. Will G. Knox, Receiver, et al., 181 S.W.2d 863. And the opinion in that case was furnished us. It was then concluded to await the action of the Supreme Court on the holding in that case. On the 6th day of December, 1944, the Supreme Court reversed and rendered the judgment of the Court of Civil Appeals. 184 S.W.2d 612.

■ The only material distinction between the facts proved in the case just referred to, and the facts alleged in the case at bar, is the fact that, in the case at bar, the plaintiff has alleged that the policies were issued to a subcontractor (instead of to the general contractor). The performance bond in the case at bar was executed pursuant to the same regulations and statutes as were the performance bonds ruled on by the Supreme Court in the case referred to. And it will be noted that the Supreme Court expressly ruled on Section 18, reading: "It is understood that except as otherwise specifically stated in the Contract Documents, the Contractor shall provide and pay for all materials * * * and costs of every nature whatsoever necessary to execute and complete the entire work to be done under the Contract Documents and deliver it complete in every respect." And there held that this provision did not include the obligation relative to the insurance. Since this is so, and the policies were issued to the subcontractor, the general contractor is not liable for the premiums. So, under the authority of said holding by the Supreme Court, we hold that neither the general contractor, defendant R. F. Ball Construction Company, nor its surety on its performance bond, National Surety Corporation, was liable to plaintiff, under plaintiff's allegations.

The position of the subcontractor's surety, who in this case is Standard Accident Insurance Company, differs from the position of the surety on the performance bond in the case referred to, decided by the Supreme Court, in this respect: The bond given by a subcontractor is a common law bond, and not a statutory bond. But the position of the subcontractor's surety is in all material respects the same as that of the subcontractor's surety in the case of Employers' Liability Assur. Corp., Ltd., v. Trane Co., 139 Tex. 388, 163 S.W.2d 398, 399. The wording of the bond involved is identical, being also upon the form used by R. F. Ball Construction Company (R. F. Ball Construction Company was the general contractor, also, in the Trane case, as appears from exhibit "B", hereto appended).

■ Plaintiff's allegations of the parties' intentions in executing the contract and bonds in question cannot change the question of intention from one of law for the court to one of fact for the jury. Standard Acc. Ins. Co. v. Blythe, 130 Tex. 201, 107 S.W.2d 880, 883.

■ The suit as against the Housing Authority was urged only in the event it should be held that plaintiff's claim is one for labor and material. Said claim was not for labor and material.

Judgment of the court is affirmed.

Affirmed.

### APPENDIX
### EXHIBIT "A"
### PERFORMANCE BOND

The State of Texas
County of Harris

Know All Men by These Presents that we, R. F. Ball, of Fort Worth, Tarrant County, Texas, operating under the firm name R. F. Ball Construction Company, hereinafter called Principal and National Surety Corporation of the City of New York, State of New York, hereinafter called Surety, are held and firmly bound unto the Housing Authority of the City of Houston, Texas, of Houston, Harris County, Texas, hereinafter called Owner, and unto all person—, firms and corporations who may furnish materials for, or perform labor upon the building or improvements hereinafter referred to, in the penal sum of Five Hundred Seventy-four Thousand, Two Hundred Fifteen Dollars ($574,-215.00) in lawful money of the United States, to be paid in Harris County, Texas, for the payment of which sum, well and truly to be made, we bind ourselves, our heirs, executors, administrators and successors, jointly and severally, firmly by these presents.

The condition of this obligation is such that whereas, the Principal entered into

a certain contract with Housing Authority of the City of Houston, Texas, the owner, dated the 25th day of August, A. D. 1939, a copy of which is hereto attached and made a part hereof, for the construction and completion of a low-rent housing project identified as Project Tex 5-1, to be located in the City of Houston, Harris County, Texas, and consisting principally of one (1) Administration-Social Center building and three hundred sixty (360) dwelling units contained in sixty-two (62) dwelling buildings, and including the construction and completion of all structures, plumbing, heating, electrical, site development, and landscaping incident thereto:

Now, therefore, if the principal shall well, truly and faithfully perform all the undertakings, covenant, terms, conditions and agreements of said contract during the original term thereof and any extensions thereof which may be granted by the Owner with or without notice to the surety, and if he shall satisfy all claims and demands incurred under such contract, and shall fully indemnify and save harmless the Owner from all costs and damages which it may suffer by reason of failure to do so, and shall fully reimburse and repay the owner all outlay and expenses which the owner may incur in making good any default, and shall promptly make payment to all persons, firms, subcontractors, and corporations furnishing materials for or performing labor in the prosecution of the work provided for in such contract, and any authorized extension or modification thereof, then this obligation shall be void; otherwise to remain in full force and effect.

Provided further that if any legal action be filed upon this bond, venue shall lie in Harris County, Texas;

And that the said Surety, for value received, hereby stipulates and agrees that no change, extension of time, alteration or addition to the terms of the contract or to the work to be performed hereunder or the specification accompanying the same shall in any wise affect its obligation on this bond, and it does hereby waive notice of any such change, extension of time, alteration or addition to the terms of the contract or to the work or to the specifications.

Provided further that no final settlement between the owner and the contractor shall abridge the right of any beneficiary hereunder, whose claim may be unsatisfied.

In witness whereof, this instrument is executed this the 25th day of August, A. D. 1939.

R. F. Ball Construction Company
By [s]  R. F. Ball
R. F. Ball, Sole Owner
Principal
300 South Main Street,
Fort Worth, Texas
Official Address of Principal
National Surety Corporation
By [s]  R. W. Harvey, Jr.
R. W. Harvey, Jr., Attorney-in-Fact
Surety
4 Albany Street, New York, New York
(Affix Corporate Seal)
Official Address of Surety

In presence of:
[s]  James B. Dent
Witness
Houston, Texas
Address
[s]  Raymond L. Jenkins
Witness

### EXHIBIT "B"

### BOND ON FOREGOING CONTRACT

Know All Men by These Presents, that W. F. Warfield & Company, as Principal, the same being designated as Contractor in the foregoing contract, and Standard Accident Insurance Company, as Surety, are held and firmly bound unto R. F. Ball Construction Company of Fort Worth, Texas, in the sum of Fifty Seven Thousand Dollars ($57,000.00) Dollars, lawful money of the United States of America, to be paid to said R. F. Ball Construction Company, their certain attorney, successor or assigns; to which payment well and truly to be made the said principal and said surety bind themselves, their heirs, executors, successors and assigns, jointly and severally, by these presents.

The condition of the above obligation is such that whereas, R. F. Ball Construction Company, upon the faith and credit of this bond, has entered into the foregoing contract with the above named principal.

Now, therefore, if the said Principal shall well, truly and faithfully keep and perform;—all of the terms, provisions, covenants and conditions of the foregoing contract, including changes or additions, if such be made, not exceeding in extra cost

fifty per cent of the original gross consideration, as named in the foregoing contract (the said surety hereby expressly waiving all rights to be notified of, or by any further act to give assent to such changes and additions, within the limits of such cost aforesaid); and shall repay said R. F. Ball Construction Company all costs and expenses said R. F. Ball Construction Company may incur in the prosecution of any suit or suits which they may maintain against said Principal on account of any breaches of said contract or of this bond; then, this obligation shall be void; otherwise, the same shall remain in full force and virtue.

In witness whereof, the principal and surety have in due form executed this bond this 8th, day of September, 1939.

W. F. Warfield & Company, Inc.
W. R. Warfield, Principal
Standard Accident Insurance Co.
C. A. Schutz, Surety.