**GOAD-BOLES MOTORS, INC., Appellant,**

v.

**VICTORIA PAVING COMPANY, Inc.,**
**Appellee.**

**No. 237.**

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 17, 1966.

Rehearing Denied Dec. 15, 1966.

O. F. Jones, Jr., of Guittard, Henderson, Jones & Lewis, Victoria, for appellant.

Harry F. Maddin, of Cullen, Mallette, Maddin, Edwards & Williams, Victoria, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a judgment in a non-jury case wherein the court denied a recovery to all parties.

Appellee, Victoria Paving Company, Inc., sometimes hereafter referred to as "contractor" sued appellant Goad-Boles Motors, Inc., sometimes hereafter referred to as "owner" for the unpaid balance of $600.00 on a contract for improvements, consisting of paving and other work, on a lot owned by appellant in the City of Victoria, Texas. Appellant asserted a cross-action for $2,-281.50, plus attorneys fees, against appellee

for damages allegedly suffered because of appellee's breach of the contract or of the guaranty therein contained. The trial court rendered judgment that neither party recover, from which only owner has appealed. Findings of fact and conclusions of law were made and filed by the trial court as follows:

## FINDINGS OF FACT

1. That Victoria Paving Company, Inc. and Goad-Boles Motors, Inc. are both Texas corporations.

2. That Victoria Paving Company, Inc. made a bid in writing on or about July 15, 1964, to clear and top with a two course penetration asphalt treatment a vacant tract of property fronting on Rio Grande Street in Victoria, Victoria County, Texas. I further find that Goad-Boles Motors, Inc. accepted this bid and the same became a written contract with respect to the services to be performed.

3. That the contract price agreed upon was Four Thousand Five Hundred Ten ($4,510.00) Dollars. I further find that at the request of Goad-Boles Motors, Inc., Victoria Paving Company, Inc. expended the sum of Ninety ($90.00) Dollars for additional materials in connection with the contract of July 15, 1964 and that the contract, therefore, was Four Thousand Six Hundred ($4,600.00) Dollars.

4. That before suit was filed on the contract, Goad-Boles Motors, Inc. paid to Victoria Paving Company, Inc. the sum of Four Thousand ($4,000.00) Dollars. That under the terms of the contract I find there was an additional Six Hundred ($600.00) Dollars owing.

5. That on February 25, 1965, Goad-Boles Motors, Inc. wrote Victoria Paving Company, Inc. asking for a bid to rework the lot in question, raise the grade of the lot and to apply a different topping to the area involved. I further find in this connection that Victoria Paving Company, Inc. did not bid on the second proposal and was under no obligation to do so.

6. That the contract between Victoria Paving Company, Inc. and Goad-Boles Motors, Inc. had a one-year guarantee which had not expired on February 25, 1965, the date Goad-Boles Motors, Inc. requested the bid in the foregoing finding.

7. That at all times from the date of the contract between Goad-Boles Motors, Inc. and Victoria Paving Company, Inc., Victoria Paving Company, Inc. made a diligent effort to satisfy Goad-Boles Motors, Inc. and was doing patch work on the premises involved on February 25, 1965.

8. That Goad-Boles Motors, Inc. entered into an agreement in February of 1965 with Brannon Construction Company to rework the lot in question, to change the grade and to top the surface with a different topping, which topping was more expensive in the industry than the topping contracted for with Victoria Paving Company, Inc.

9. That Brannon Construction Company re-did the lot under its agreement with Goad-Boles Motors, Inc. for Two Thousand Eight Hundred Eighty-one and 50/100 ($2,881.50) Dollars.

10. That it would have cost Victoria Paving Company, Inc. approximately Six Hundred ($600.00) Dollars to complete its contract to the satisfaction of Goad-Boles Motors, Inc. and that this work was done by Brannon Construction Company when it entered into the performance of its agreement of February 1965 with Goad-Boles Motors, Inc.

11. That the contract between Goad-Boles Motors, Inc. and Brannon Construction Company was not necessitated by the failure of Victoria Paving Company, Inc. to perform its obligations under its contract with Goad-Boles Motors, Inc. and that Victoria Paving Company, Inc., therefore, has no obligation to pay any part of the contract price.

## CONCLUSIONS OF LAW

I conclude that the above findings of fact are insufficient to sustain the burden of proof of either the plaintiff or cross-plaintiff for judgment against one another and that, therefore, neither party should recover of and from the other and that a take nothing judgment be entered against both parties.

Appellant asserts fourteen points of error, which are briefed and argued together. In substance they make the following contentions: owner met its burden of proof with respect to each element of its cause of action; the evidence is legally insufficient to support findings numbers 10, 11, and the judgment; the evidence is factually insufficient to support findings numbers 10, 11, and the judgment; the court erred in concluding that neither party had sustained its burden of proof, particularly in the light of fact findings; and that the trial court should have made four findings of fact requested by appellant.

Appellee, by two reply points in support of the judgment, contends in substance (1) that appellant failed to show any breach by appellee of the contract, covenant or undertaking, express or implied, and (2) that appellee failed under any measure of damages applicable to the case to establish a right to recovery.

We sustain appellee's reply points and affirm the judgment.

The letter contract between the parties reads as follows:

"Goad Boles Motor Co.
714 E. Rio Grande
Victoria, Texas

Attention: Mr. Boles

The Victoria Paving Co. proposes to do the following item of paving at the Goad-Boles Motor Co. as follows:

To remove all trees, brush and stumps.
To place the surplus excavated dirt on the North-West corner of the block.

To install on a compacted subgrade an eight inch compacted processed gravel base.
To top with a two course penetration toping of asphalt oil and pre-coated rock asphalt.
This work to be done for $4,510.00.
We will install six inch concrete drives for 80¢ per square foot and four inch sidewalk for 65¢ per square foot.
This work will be guaranteed for one year.

Yours truly,

/s/ Harry N. Moore
Harry N. Moore
Victoria Paving Co."

The record reflects that contractor completed the work he agreed to do on or about August 15, 1964, and received $4,000.00 of the $4,600.00 ($4,510.00 plus $90.00) which owner had agreed to pay. Owner thereafter complained about several matters, principally that water would stand in some places, would not drain, and that the topping was soft and would break loose and buckle in places. Contractor attempted to satisfy owner as to such complaints and continued to do work on the premises until sometime during the month of February 1965, in accordance with his guarantee for one year. On about February 25, 1965, owner decided to have a portion of the work re-done and asked contractor to submit a bid for the same. Contractor did not make such a bid but wrote a letter to owner dated February 15, 1965, reading as follows:

"Gentlemen:

In order to comply with the provisions of our proposal of July 15, 1964, under which our paving was done for you, we are ready, willing and able to remove the patches which we have placed on the pavement, prepare or dry the base where the patches are located and repatch that area with premix asphalt. This will be done at our expense. We believe this to be the extent of our obligation and to be consistent with good paving

practice. If we are unable to accomplish this, we cannot be responsible under our guarantee for any present or future damage or deteriation

Please advise immediately if this is acceptable to you."

Owner, by J. E. Boles, its president, then wrote contractor a letter dated February 25, 1965, stating in substance that owner had agreed with another contractor to do certain resurfacing work for $2,741.25, that owner still owed contractor $600.00, and that owner would expect contractor "to reimburse me for the amount of the finishing of the asphalt hardtopping of the lot" and further offered to negotiate the matter.

Under these circumstances, the trial court correctly found that the agreement between the owner and the new contractor was not necessitated by appellee's failure to perform under its original contract and that appellee did not have an obligation to pay any part of the new contract price. The record shows that contractor completed the work it originally agreed to do and that when owner made complaints, contractor continued to honor its guarantee or warranty. There is no evidence showing that the work contractor proposed to do as stated in its letter of February 15, 1965, would not have remedied the matters complained of by owner. It is further apparent that owner's conduct prevented contractor from making good on its guarantee.

■ In the trial court owner took the position that contractor failed and refused to complete the original contract and claimed damages for the cost of completing the work. In this court, owner's position is that contractor performed the original work agreed to be done but breached the guarantee contained in the contract or an expressed or implied warranty. Owner places reliance upon the cases of New Home Construction Corporation v. O'Neill, 373 S.W. 2d 798 (Tex.Civ.App.1963, writ ref., n. r. e.); McKnight v. Renfro, 371 S.W.2d 740

(Tex.Civ.App.1963, writ ref., n. r. e.); Loggins v. Gates, 301 S.W.2d 525 (Tex. Civ.App.1957, writ ref. n. r. e.); Graves v. Allert & Fuess, 104 Tex. 614, 142 S.W. 869, 39 L.R.A.,N.S., 591 (1912), affirming Tex.Civ.App., 128 S.W. 940.

Although it is clear to us that there was no breach by contractor of the contract or guarantee contained therein, it is further apparent that had there been such breach, owner did not produce evidence which would support a recovery under the applicable measure of damages. Owner did not attempt to show the value of the work done by contractor as compared to its value if performed in accordance with the original agreement.

■ The work which was done by the new contractor was a major reconstruction of the parking lot, which, under owner's theory was required to make the lot suitable for the purpose for which it was intended to be used. The structure, which was the subject of the original contract, was changed in material part by the additional work done by owner through the new contractor, and the expense, even allowing for cost of different material, was approximately 46 percent of the original work. If there had been liability on contractor for breach of the original contract, the facts developed at the trial would establish that there had not been a substantial performance of it and the case would therefore fall within the rule (not met with here) that the measure of damages is the difference between the value of the project as constructed and its value had it been constructed in accordance with the contract. Hutson v. Chambless, 157 Tex. 193, 300 S.W.2d 943 (1957); followed in Inwood Construction Company v. Huntington Corp., 400 S.W.2d 372 (Tex.Civ.App.1965, wr. ref. n. r. e.), which is closely in point to the instant case.

The judgment of the trial court is affirmed.