**A. B. C. TRUCK RENTAL AND LEASING CO., Appellant,**

v.

**M. B. PLETZ et al., Appellees.**

**No. 15535.**

Court of Civil Appeals of Texas, San Antonio.

July 28, 1976.

Rehearing Denied Sept. 8, 1976.

---

Craig L. Austin, Cluck, Austin & Johnson, San Antonio, for appellant.

Wiley, Plunkett, Gibson & Allen, San Antonio, for appellees.

BARROW, Chief Justice.

Appellant, ABC, has perfected its appeal from an instructed verdict that it take nothing in its suit against appellees, M. B. Pletz, contractor, and Fidelity & Deposit Company of Maryland, surety, to recover damages for breach of a contract to erect a truck rental facility, including a paved parking area.

On September 10, 1971, ABC contracted with Pletz for construction of the facility according to certain plans and specifications prepared by architect Lloyd Jary. Pletz subcontracted the paving contract to Ridout Paving Company. Fidelity executed a bond guaranteeing performance of the contract by Pletz. The work was completed and accepted by ABC about May 1, 1972. Cracks began to appear in the paving by September 1972, and the paved area began to break up. Test holes were drilled in October 1973 by Trinity Testing Laboratories, and it was concluded from the results that the plans and specifications in the paving contract had not been followed since the aggregate base was not a minimum of eight inches thick and the asphalt was not a minimum of two inches thick. After some inconclusive correspondence between ABC, Jary, Pletz, and Ridout concerning the condition of the area and the responsibility for repairs, ABC accepted a bid from Joe Ramon to remove the paved area and replace it according to the original plans and specifications for the sum of $25,500.00. This bid was accepted by ABC and the work was done in the spring of 1974 by Ramon.

ABC brought this suit against Pletz and Fidelity whereby it sought to recover the sum of $25,500.00 which it had paid Ramon. It alleged that it was necessary to replace all of the aggregate base and pavement because the plans and specifications had not been followed by Pletz. Pletz and Fidelity filed a third-party action and sought recovery from Jary and Ridout in the event ABC should recover on its suit. ABC amended its petition and adopted the third-party allegations against Jary.

ABC introduced evidence which raises a fact issue that the aggregate base was not a minimum of eight inches deep in that several test holes showed a base depth of from four inches to seven inches. Also, the asphalt was less than two inches thick in several places. This caused a deterioration in ten to thirty percent of the paved area. In addition, there was evidence that the remainder would continue to deteriorate. After Pletz denied any responsibility for repairs to the paving area, ABC secured bids of $25,500.00, $18,400.00, and $19,530.00 to remove the existing paving as well as the aggregate base and redo the paving subcontract. The bid of Ramon was the high bid, but it was accepted by ABC as the only

responsible bid. There was testimony that no problems have been encountered with the paving area since it was replaced. There was some evidence that the drainage had been improved by Ramon.

None of the defendants offered any evidence after ABC rested its case. The evidence was thus closed with ABC's case and the trial court then granted all defendants an instructed verdict that ABC recover nothing by its suit. Accordingly, a take-nothing judgment was entered on the claim filed by ABC. It was also ordered that Pletz and Fidelity take nothing against the third-party defendants. ABC has perfected its appeal only as to the take-nothing judgment rendered in favor of Pletz and Fidelity. ABC makes no complaint of the instructed verdict granted Jary.

The motion for instructed verdict is not in the record; but it is assumed by all parties before us that the trial court concluded that there was no evidence introduced by ABC to establish a proper measure of damages. Therefore, it is not necessary to set forth a full résumé of the evidence on the issue of liability. It is sufficient to state that there is evidence to raise a fact issue that the plans and specifications were not followed by Pletz and that the paving area was deteriorating as a result of this failure. Thus, the question narrows to: What relief is the owner entitled to recover because of the contractor's failure to carry out the plans and specifications? It necessarily follows that the surety on contractor's performance bond is required to carry out the obligations of the contractor if the latter fails to do so. See *Employers' Liability Assurance Corp. v. Trane Co.*, 139 Tex. 388, 163 S.W.2d 398 (1942).

It is fundamental that damages for breach of contract are to compensate one party to a contract for the breach by the other by awarding the value of the expected performance. 17 Tex.Jur.2d, Damages, § 51 (1960). This value is usually determined in one of two ways: (1) by awarding the difference in the market value of the property as completed and the value if completed in accordance with the plans and specifications; or (2) by awarding the cost of correction or completion. See Annot., 76 A.L.R.2d 805 (1961).

The Supreme Court, in *Hutson v. Chambless*, 157 Tex. 193, 300 S.W.2d 943 (1957), adopted as a *general* rule that the correct measure of damages for failure to complete a house in substantial accordance with the plans and specifications is the difference in value between the house as constructed and its value had it been constructed according to the contract. The concurring opinion points out that there are several exceptions to this general rule. The general rule has been followed in two cases where a parking area was allegedly not constructed in accordance with the plans and specifications. See *Goad-Boles Motors, Inc. v. Victoria Paving Co.*, 408 S.W.2d 943 (Tex.Civ.App.—Corpus Christi 1966, no writ); *Inwood Construction Co. v. Huntington Corp.*, 400 S.W.2d 372 (Tex.Civ.App.—Texarkana 1965, writ ref'd n. r. e.), *second appeal*, 472 S.W.2d 804 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.).

In Corbin on Contracts, Vol. 5, § 1089, p. 485 (1964), the rule is recognized that in building and construction contracts the cost of repair theory prevails "if this is possible and does not involve unreasonable economic waste." This rule has been recognized and followed in Texas. See *P. G. Lake, Inc. v. Sheffield*, 438 S.W.2d 952 (Tex.Civ.App.—Tyler 1969, writ ref'd n. r. e.).

Here ABC sought by its pleadings to recover for the cost of removing the deteriorating pavement and properly replacing it. This measure of damages was not excepted to by appellees. Appellees thereby joined issue with ABC on this measure of damages.

We disagree with ABC that its evidence established as a matter of law that it was necessary to replace all of the existing pavement and that the bid of Ramon was a reasonable, necessary expenditure and without economic waste. We do agree, however, that its evidence raised fact issues that it was entitled to recover some damages because of Pletz' failure to follow the

plans and specifications. Therefore, the trial court erred in granting an instructed verdict.

The judgment of the trial court is reversed and the cause remanded.