### J. A. GRAVES v. ALLERT & FUESS.

No. 2199. Decided January 24, 1912.

**Building Contract—Compliance—Minor Defects.**

Where a contractor for building has carried out his undertaking in good faith, though minor defects exist through his inadvertence, not complying with specifications, but capable of repair, he may recover the contract price less such sum as would place the building in the condition called for by the contract. Such deduction would represent the sum to which the owner would be entitled as damages for the contractor's failure to perform in accordance with the strict terms of the contract. (Pp. 615-618.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from DeWitt County.

Graves sued Allert & Fuess. A judgment for defendants was affirmed on appeal and he obtained writ of error.

*Sam C. Lackey* and *Proctor, Vandenberge, Crain & Lewright,* for plaintiff in error.—If there are defects which are material, substantial, structural, or pervasive of the whole work, and those which are slight or unimportant, the owner should recover either the difference between the value of his building as constructed and its value if constructed strictly according to the contract, or as follows: First. The reasonable cost of remedying and making good all those minor and unimportant defects and omissions; making same conform to that extent strictly to the contract; and, second, in addition thereto, the difference between the value of the building when all minor defects and omissions shall have been remedied and what its value would have been if it had been constructed strictly according to the contract. City of Sherman v. Connor, 88 Texas, 35; Jennings v. Willer, 32 S. W., 24; Larrimore v. Comanche County, 32 S. W., 367; Watson v. DeWitt County, 19 Texas Civ. App., 150; Fagan v. Whitcomb, 14 S. W., 1018; Short v. Moore (Ky.), 43 S. W., 311; Hartford Mill Co. Case (Ky.), 121 S. W., 477; Elwood v. Harting (Ind.), 52 N. E., 621; Ashland Co. v. Shores (Wis.), 81 N. W., 136; Foeller v. Heintz (Wis.), 24 L. R. A. (N. S.), 327.

That the judgment of the trial court in favor of defendants can not

be sustained on the theory of quantum meruit on an implied contract, for the want of proper pleadings, see the following authorities:  Childress v. Smith, 90 Texas, 610; City of Sherman v. Connor, 88 Texas, 35; Western Union Telegraph Co. v. Smith, 88 Texas, 9; Gammage v. Alexander, 14 Texas, 414.

We do not find any Texas cases which directly discuss and decide the question as to what will constitute a substantial performance of a building contract, but the question has arisen and has been decided in other States, and we here cite a few of the authorities:  Murphy v. Williams, 116 S. W., 412, and 124 S. W., 900; Paschall v. Pioneer Co., 47 S. W., 98; Bush v. Jones, 6 L. R. A. (N. S.), 774; Note on p. 327, et seq., of 24 L. R. A. (N. S.); Spence v. Ham, 51 L. R. A., 238; Flaherty v. Miner (N. Y.), 25 N. E., 418; Rochkind v. Jacobson, 110 N. Y. Supp., 583; Fuchs v. Saladino, 118 N. Y. Supp., 172; Small v. Lee (Ga.), 61 S. E., 831; Sherry v. Madler (Wis.), 101 N. W., 1095; Danforth v. Freeman (N. H.), 43 Atl., 621; Crouch v. Gutmann (N. Y.), 30 Am. St., 608; Clark v. Collier (Cal.), 34 Pac., 677; Anderson v. Todd (N. D.), 77 N. W., 509; Hollister v. Mott (N. Y.), 29 N. E., 1103.

*Price & Green* and *Davidson & Bailey,* for defendants in error.—In a building contract where the work is finished and the owner has gone into possession of the building, using it for the purpose for which it was intended, and the issue is joined whether or not the same is complete in every particular, the true measure of damages is what it would cost to remedy the defects, supply the omissions and complete the building in accordance with plans and specifications of the contract.  Watson v. DeWitt County, 19 Texas Civ. App., 163; Fagan v. Whitcomb, 14 S. W., 1018; Porter v. Burkett, 65 Texas, 386; Anderson Elec. Co. v. Cleburne W. Co., 44 S. W., 929; Sherman v. Conner, 88 Texas, 35; Jennings v. Willer, 32 S. W., 26.

Where a builder has in good faith intended and tried to comply with his contract, and has substantially complied with it, although there may be slight defects found by inadvertence or unintentional omissions, he may recover the contract price less the damages on account of such defects; and especially is this true where the evidence adduced upon the trial of the case shows that there has been no wilful departure from the terms of the contract by the contractor or omissions in its essential points.  Linch v. Paris Lumber Co., 80 Texas, 23; Bradford v. Whitcomb, 11 Texas Civ. App., 223; Jennings v. Willer, 32 S. W., 27; Graves v. Allert & Fuess, 123 S. W., 941; American Surety Co. v. Lyons, 44 Texas Civ. App., 151; City of Sherman v. Connor, 88 Texas, 35; Watson v. DeWitt County, 19 Texas Civ. App., 162; Gonzales College v. McHugh, 21 Texas, 259; Hillyard v. Crabtree, 11 Texas, 267; Carroll v. Welch, 26 Texas, 149; Mills v. Paul, 30 S. W., 561; Stark v. Alford, 49 Texas, 275; Wright v. Davenport, 44 Texas, 167; Weis v. Devlin, 47 Texas, 512.

MR. JUSTICE RAMSEY delivered the opinion of the court.

On the 9th day of April, 1907, plaintiff in error entered into a contract with Allert & Fuess whereby the latter undertook to furnish the

material and construct for him a building and to make certain changes in other buildings then located on certain ground situated in the city of Cuero, for the sum of $7,700 to be paid under the directions of one Jul. Leffland and in accordance with certain specifications in said contract contained. The work proceeded for some time and seems to have been somewhat delayed so that on the 29th of July, thereafter, the parties entered into another agreement in which it was stipulated that Graves should waive none of his rights under his contract for said building by entering and placing shelving and goods in same, except as to the time limit under which Allert & Fuess would complete same, which was waived with the stipulation that such waiver should not cause the contractors to be any the less diligent in completing same. Thereafter the contractors proceeded with the building, and, as the court below found, substantially complied with the terms of the contract in respect thereto. This finding by the District Court as well as by the Court of Civil Appeals is assailed by the plaintiff in error, but we think it is fairly supported by the testimony. The architect, Mr. Leffland, was introduced on the trial of the case by plaintiff in error, and at the conclusion of his testimony, by agreement of all parties, it was arranged that he should inspect the buildings at once and make a careful investigation of the alleged defects in them and afterwards testify upon the trial as to same and make an estimate of what, in his judgment as a supervisory architect, would be a proper sum to charge to repair same so as to put the buildings in shape in accordance with the plans and specifications as agreed upon. After such investigation he did testify and pointed out some defects in the building. He said, in substance, that there was certain cracks in the wall between building 1 and 2, upstairs as well as in the eight foot section downstairs, but that these did not materially affect the strength or durability of the walls and that they should be repaired by cleaning out the cracks and filling them with mortar, which could be done at a cost of not over $90.00. He also testified to certain cracks in the front of building No. 3, which he said amounted to nothing. There was some other matters somewhat more serious, particularly with reference to the ceiling and floors upstairs as well as the roof. However, after testifying to all the matters he says: "In my judgment as supervising architect according to whose plans and specifications these buildings were to be erected and altered, they are, as I have said, substantially in accordance with the plans and specifications now, and the defects complained of can be remedied in so far as they have not been remedied so as to completely comply with the original plans and specifications at a cost of not exceeding four hundred and twenty-five dollars. This, in my judgment, is a very liberal estimate and it might be done even at a less expense." However, the trial court, evidently considering in this connection other testimony, found that the sum of $900.00 was a sufficient amount to remedy such incomplete conditions so as to make said construction of said buildings conform substantially to the terms and stipulations of the contract in appearance and durability. The trial court filed the following conclusions of law as to the measure of damages: "I am of the opinion from the facts in this case that the true measure of plaintiff's damages in this case is the difference in the

value of the contract price of construction of the building in substantial conformity to the contract, plans and specifications and the value of such construction as it now stands in its present condition, which I have found as a matter of fact is the sum of $900.00, for which plaintiff is entitled to recover as such damages." This was construed and properly construed by the Court of Civil Appeals to mean that the court held "that the measure of damages was the difference between the balance unpaid on the contract price and what it would take to complete the building." It is contended by plaintiff in error, however, that the true measure of damages is the difference between the value of the plaintiff in error's buildings as actually repaired and constructed and their value if they had been repaired and constructed according to plans and specifications.

We think it clear, under the authorities in this State and based on sound legal reason, that the judgment of the Court of Civil Appeals is manifestly correct. This is in accordance with the ruling of this court in Linch v. Paris Lumber & Grain Co., 80 Texas, 23, where Judge Henry, in a well considered opinion, adopts the following language of the Supreme Court of New York in the case of Smith v. Gugerty, 4 Barbour, 620: "If there is an honest effort to perform the contract according to the letter and it is substantially fulfilled, the builder should be entitled to receive the reward of his labor although he may not (as the architect employed in this case has certified) have in every instance complied with its terms literally in every punctilio. A substantial compliance without any intentional variation should in all cases be considered as a full performance of a condition, whether precedent or subsequent." This same rule is thus stated in Woodruff v. Hough, 91 U. S., 602, where the court says: "The court repeated the details of the contract on the points where the failure was alleged, and then told the jury that unless the contractor had complied substantially with these specifications or a strict compliance therewith had been waived they could not recover." The same rule was also laid down by Judge Denman in the case of City of Sherman v. Connor, 88 Texas, 35, where he, speaking for the court, uses this language: "For the reason that the record does not disclose the facts more fully we do not feel warranted in attempting to determine the measure of damages on another trial; but will suggest, that if the works actually constructed (water works) were to the extent of their construction in substantial compliance with the contract, then, if the amount it would take to complete the works according to contract, added to the amount paid, would not exceed the contract price, the city could not recover on its claim for damages; but if the amount paid and the sum necessary to completion exceed the contract price, then the city would be entitled to recover the excess, unless the amount paid and the sum necessary to completion exceed the value of the works completed according to contract, in which event the difference in the value, if they had been completed according to contract, and the contract price would be the measure of the city's recovery on its claim for damages."

The rule applied by the trial court and here laid down is in accordance with, as we believe, and supported by the following authorities: American Surety Co. v. Lyons, 44 Texas Civ. App., 151; Watson v.

DeWitt County, 19 Texas Civ. App., 162; Gonzales College v. McHugh, 21 Texas, 259; Hillyard v. Crabtree, 11 Texas, 267, 62 Am. Dec., 475; Carroll v. Welch, 26 Texas, 149; Mills v. Paul, 30 S. W., 561; Stark v. Alford, 49 Texas, 275; Wright v. Davenport, 44 Texas, 167; Weis v. Devlin, 47 Texas, 512, 60 Am. Rep., 38.

The plaintiff in error cites and relies upon the case of Foeller v. Heintz, 137 Wis., 169, 24 L. R. A. (N. S.) 327. There is some language in that case which we think would institute too strict a rule in a case of this sort, but, in substance, the decision is not out of harmony with the rule laid down here. It will be noted that in the decision of that case the contractor is credited with the sums unpaid upon the contracts and charged with the reasonable cost of completing the structure as agreed upon. Again, the court there quotes with approval the statement of the law contained in Woodward v. Muller, 80 N. Y., 312, where the builder had in good faith intended to comply with the contract and had substantially complied with it although there may have been slight defects caused by inadvertence or unintentional omission, he may recover the contract price less the damage on account of such defects. The defects must not run to the whole, nor be so essential as that the object of the parties to have a specified amount of work done in a particular way is not accomplished.

While there is a wide divergence of opinion expressed by the several witnesses appearing in the case, a careful inspection of the entire record has convinced us that the conclusions of the trial court are well sustained by the testimony, and that there is no such departure by the contractors from the true intent and purpose of their undertaking or such failure on their part as involved such structural or basic defects as should deny them the right to recover the fruits of their labor, when, in the same judgment, provision could be made, as was made, to protect the plaintiff in error against any loss or damage whatever. This having been done, the judgment of the court below well meets the settled rule of law in this State and at the same time seems to work out and accomplishes the justice of the case. Finding no error in the judgment of the court below, it is ordered that the same be and it is hereby in all things affirmed.

*Affirmed.*