**Ray LOGGINS, Appellant,**

v.

**A. GATES et ux., Appellees.**

**No. 3449.**

Court of Civil Appeals of Texas.

Waco.

April 11, 1957.

Rehearing Denied May 9, 1957.

Harold W. McCracken, Dallas, for appellant.

Rosenfield & Berwald, Freeman L. Mittenthal, Dallas, for appellees.

McDONALD, Chief Justice.

This case involves a controversy over the construction of a house. Parties will be referred to as in the Trial Court. Defendant Loggins, a building contractor, agreed to build plaintiff Gates a house for $20,150. The parties entered into a written contract, and as a part of the agreement there were written specifications and a set of plans. Plaintiff alleged that defendant did not build the house according to the contract, plans and specifications, in that: defendant did not dig the foundation to solid rock; did not locate foundation piers not more than 6 feet apart; did not wrap air conditioning ducts; did not ream the holes to 16 inches; all as provided for in the contract and specifications. Plaintiff sought $3,485 as damages for the alleged breach of contract. Defendant answered by denials and plead that plaintiff had been on the ground and present during the construction of the foundation, and made no complaints at the time;

and that plaintiff had expressed satisfaction with the construction of the house upon its completion, had paid the total consideration for same and moved in; for which reasons defendant contended plaintiff waived defects and deviations and is estopped to complain.

Trial was to a jury which, in answer to Special Issues, found:

1) Defendant failed to construct the house in a workmanlike manner and in accordance with the contract, plans, and specifications.

2) The reasonable cost to place the house in the condition it would have been had there been a compliance with the contract and specifications is $1,500.

3) The defendant substantially complied with the terms of the contract in the construction of the house.

The Trial Court entered judgment for plaintiff on the above verdict for $1,500 and defendant appeals, contending:

1) The Trial Court erred in refusing to submit defensive issues inquiring of the jury if plaintiff had waived his rights or was estopped to assert same.

2) The Trial Court erred in refusing to submit to the jury defensive issues inquiring of the jury whether defects in the construction of the house could be remedied without impairing the structure as a whole; and issues on the measure of damages recoverable in event of such situation.

3) The Trial Court erred in refusing to allow the witness Thompson to testify as to the market value of the house on 17 March 1955.

4) The jury's finding that defendant substantially complied with the terms of the contract precludes plaintiff from recovery of damages for breach of contract.

Defendant, in his 1st point, asserts that the defenses of waiver and estoppel

were raised by the pleadings and evidence, and that the Trial Court erred in not submitting same to the jury. Defendant asserts that allegations and evidence to the effect that plaintiff 1) was present when the foundation was poured and did not then and there object; 2) signed an affidavit that the house was completed to his satisfaction; 3) paid for the house and moved into same; raised the issues of waiver and estoppel and that he was entitled to have same submitted to the jury.

There was no allegation and no evidence tendered that plaintiff's presence on the job would have charged him with knowledge that the work was being performed contrary to the terms of the contract. There is no showing that plaintiff was experienced in the construction business and should have known whether the work was being performed according to contract or not. Moreover, the evidence shows that plaintiff was not present at all times, but to the contrary, occasionally just dropped by now and then, as any one building a new home might do. As to the fact that plaintiff signed an affidavit that the house was completed to his satisfaction—this was signed in order to induce Texas Abstract and Title Company to issue a mortgage policy to the First National Bank, which was making plaintiff a loan. As to plaintiff's thereafter paying for the house and moving into same, plaintiff believed and had every reason to believe that defendant had constructed a sound house for him in keeping with the contract, plans, and specifications therefor —otherwise he would not have signed a statement to such effect; and would not have paid for the house and moved into same. It was more than 30 days thereafter that the walls began to crack and other defects began to appear. Plaintiff began to complain to no avail to defendant as the defects began to appear.

Waiver, by definition, is the intentional release or relinquishment of a right that is at the time known to the party relinquishing same. 43B Tex.Jur. 477. Waiver is opera-tive only where the person charged has actual or constructive knowledge of all the material facts concerning the right or privilege involved. 43B Tex.Jur. 485. There must be an *intention* to relinquish the right in question. There can be no waiver unless so intended by one party and so understood by the other. 43B Tex.Jur. 487.

As to estoppel, there can be no estoppel where there is no showing of false representations or concealment. 4 Tex.Jur.Supp. 565; also, in order to sustain a plea of estoppel, the party asserting it must prove that he was misled by the party against him to his injury. 4 Tex.Jur.Supp. 568. Under the rules of law recited, the fact that plaintiff (who had no knowledge of building) was present for a part of the time while the foundation was being poured; that he signed a statement to secure mortgage title insurance that the house was satisfactory when he thought that it was and before the defects began to appear; and the fact that plaintiff paid for the house and moved into it before the defects began to appear can raise no issues for submission to the jury as to waiver and estoppel. Defendant's 1st point is overruled.

■ Defendant's 2nd point asserts that the Trial Court erred in not submitting defensive issues inquiring whether defects in the house could be remedied without impairing the structure as a whole, and issues on the measure of damages recoverable in event of such situation.

The rule of damage in building contract cases is: If the defects which constitute the breach can be remedied, without impairing the building as a whole, the measure of damages is the reasonable cost of remedying such defects, but if such defects cannot be remedied without injury to the structural efficiency of the building as a whole, the measure is the difference in value had it been constructed according to contract. McBurnett v. Smith & McCallin, Tex.Civ. App., 286 S.W. 599; Totten v. Houghton, Tex.Civ.App., 2 S.W.2d 530; Hutson v.

Chambless, Tex.Civ.App., 295 S.W.2d 723; Tucker v. Northcutt, Tex.Civ.App., 248 S.W.2d 750. We think that the evidence in the case at bar is undisputed that the defects could be remedied without impairing the building as a whole; indeed, defendant's whole position was that the defects were inconsequential. Moreover, the jury found that the defendant had substantially complied with the terms of his contract; and that the reasonable cost to place the house in strict compliance with the contract was only $1,500. We think defendant's contention without merit and overrule same.

■ Defendant's 3rd point is levelled at the refusal of the Trial Court to permit the witness Thompson to testify as to the value of the house on 17 March 1955 (the date of the completion of the house). The witness admitted that he had never examined the inside of the house and could not give a fair appraisal of its value. We think the Trial Court correctly ruled, but in any event the contended for error becomes harmless since judgment in the case is based on the amount necessary to make the house comply with the contract, and the reasonable cash market value of the house in such circumstances was not an issue in the case.

■ Defendant's last contention is that since the jury found that he had substantially complied with his contract, that plaintiff is precluded from recovering damages for breach of such contract.

The court charged the jury in this connection that "substantial compliance exists only where there has been no wilful departure from the contract and no omissions in the essential points and the contract has been honestly and faithfully performed in its material and substantial particulars and the only variance from strict and literal performance consists of technical or unimportant omissions of details."

The question here presented is actually whether there is a conflict in the jury's finding that: 1) Defendant failed to construct the house in a workmanlike manner and in accordance with contract, plans, and specifications, and that $1,500 would be required to so complete the house—and in the finding 2) that defendant substantially complied with the terms of the contract. We perceive no conflict in these findings. The jury found that defendant had substantially complied with his contract but that in order for him to literally comply therewith it would take an additional sum of $1,500. The plaintiff is entitled to a strict compliance on the part of defendant, with the contract. The contract price was $20,150. $1,500 will bring the contract into strict compliance. This was some 93% compliance—or lacked some 7% of being a strict compliance. We think 93% amounts to substantial compliance— and that under the facts herein no conflict exists between the two jury findings. Further, under the court's definition of substantial compliance, substantial compliance existed unless there was a *wilful* departure from the contract, and major omissions. Here again, we think that since $1,500 will bring about a strict and literal compliance with the contract, that the omissions were not major, and that the findings are not in conflict.

We have carefully examined all of defendant's points and the contentions made thereunder and have concluded that no reversible error is presented. The judgment of the Trial Court is therefore in all things affirmed.