**HOU–TEX CONSTRUCTION COMPANY, Inc., Appellant,**

v.

**Tom S. WILLIAMS et ux., Appellees.**

**No. 4603.**

Court of Civil Appeals of Texas.

Waco.

June 1, 1967.

Rehearing Denied June 29, 1967.

Schlosser & Whitcomb, Paul W. Wommack, Houston, for appellant.

Smith & Lehmann, H. Fletcher Brown, Houston, for appellees.

## OPINION

TIREY, Justice.

The Hou-Tex Construction Company, Inc., brought this action against Tom S. Williams and wife, on a promissory note executed by Williams and his wife in the sum of $20,000.00 dated April 10, 1964, and payable to the order of the Medical Center National Bank, Houston, such note bearing interest from date until maturity at the rate of 6½% per annum. The note was payable in monthly installments and it provided for accelerated maturity and 10% attorney's fees in certain contingencies. It was secured by a deed of trust of even date with the note on Lots 13 and 16, in Block 2, in Farrell Gardens, an Addition to the City of Houston in Harris County, according to the map of same recorded in Vol. 14, Page 75, of the Map Records of Harris County, Texas, together with all improvements thereon or to be located thereon. The purpose of the note was to pay for the erection of building on the lot duly described in the written contract between the Construction Company Williams and his wife. The note and deed of trust securing it were transferred by the bank to the Construction Company before maturity, the understanding between the parties being that when the Construction Company had completed the building according to the plans and specifications and after it had been accepted by Williams and his wife, that the bank would advance the money to the Construction Company on the note. The Construction Company, after the papers were fully executed, began the construction of the building and before its completion many controversies arose between the Construction Company and Williams. This controversy resulted in the Construction Company bringing this suit for the full amount of the note, together with foreclosure of the deed of trust lien. There is much pleading by the parties. Suffice to say that Williams and his wife sought cancellation of the note and deed of trust lien on the ground that the Construction Company had not performed the contract, and by reason thereof there was a total failure of consideration for the note and deed of trust lien, and made the bank a party-defendant to the suit by its cross-action and asked that the note and deed of trust lien be cancelled. The pleadings are somewhat complicated, but in view of the outcome of the cause in the District Court, and in view of the disposition we make of this cause further comment on the pleadings would be of no precedential value.

At the conclusion of the testimony the court overruled the Construction Company's Motion for Instructed Verdict. The Bank made its Motion for Instructed Verdict, which was granted, and, thereafter, the Construction Company elected to en-

force only its alleged remedy for recovery upon the note and deed of trust lien.

The Court submitted 4 Issues to the jury. They are (omitting the burden of proof clause) substantially as follows:

(1) Do you find that the Hou-Tex Construction Company, Inc., has not substantially performed its building construction contract with defendant, Tom Williams, dated April 6, 1964, to build the building in question? To which the jury answered "We do."

"You are instructed in connection with the foregoing issue that 'substantial performance' as used in said issue means:

"The Contractor must have in good faith intended to comply with the contract, and shall have substantially done so in the sense that the defects are not pervasive, do not constitute a deviation from the general plan contemplated for the work, and are not so essential that the object of the parties in making the contract and its purpose cannot, without difficulty, be accomplished by remedying them. Such performance permits only such omissions or deviation from the contract as are inadvertent and unintentional, are not due to bad faith, do not impair the structure as a whole, and are remediable without doing material damage to other parts of the building in tearing down and reconstructing."

(2) What sum of money do you find will be required to defray the reasonable cost or expense to complete the building construction contract of Hou-Tex Construction Company, Inc., with defendant, Tom Williams and wife, dated April 6, 1964, according to the terms thereof? To which the jury answered "$7,120.00."

(3) Do you find that said Construction Company or any of its sub-contractors have prevented Williams from occupying the building at anytime since May 15, 1964? To which the jury answered "We do."

(4) For what period of time do you find that the Construction Company, or any of its sub-contractors, prevented Williams from occupying the building in question since May 15, 1964? To which the jury answered "May 15, 1964, to continuance."

The court overruled the plaintiff's motion for judgment notwithstanding certain jury findings and granted the Williams' motion for judgment in part. In Williams' motion for judgment in paragraph one, they asked the Court: " * * * to enter judgment on the undisputed evidence, the stipulations of the parties, and the verdict of the jury * * *." Pertinent to this discussion the Court's judgment awarded to the Construction Company the sum of $326.00 against Williams and his wife, which sum was stipulated by the parties. The court further found and decreed that Williams and his wife are not entitled to recover on their cross-action against the Construction Company for their liquidated damages. The judgment further found and decreed that the Construction Company recover nothing against Williams and his wife upon the note and deed of trust. The judgment further found and decreed that the $20,000.00 note dated April 10, 1964, executed by Williams and his wife to the bank be cancelled and held for naught, and held that the deed of trust lien given to secure the note be removed as a cloud upon the title of the defendants' real estate described in the note and deed of trust. The Construction Company and Williams and his wife excepted to the judgment entered by the court. Defendant Williams and wife did not file any motion for new trial, and in their brief state that they cross-assign error to the judgment of the trial court wherein it denied them any recovery for liquidated damages. The Construction Company seasonably filed its motion for new trial and has perfected its appeal. It assails the judgment on 7 points. They are substantially that the Court erred:

(1) In rendering judgment on the verdict of the jury because there was an irreconcilable conflict in the jury's findings between Issues 1 and 2;

(2) In rendering judgment that appellant recover nothing on its note and deed of trust based on jury finding to Issue 1 because there was no evidence having a probative force to support such answer;

(3) In rendering judgment that appellant recover nothing on its note and deed of trust based on answer to Issue 1 because such answer, when considering and weighing all the evidence adduced at the trial, is clearly wrong and manifestly unjust;

(4, 5, 6 and 7) Raise questions of no evidence and insufficiency of the evidence, and that the jury verdict is against the overwhelming weight and preponderance of the evidence.

We find that Williams and his wife made no exceptions to the Court's Charge nor did they request any Special Issues. Since the court submitted the cause in the manner we have heretofore stated, and since the jury has found that it would take $7,120.00 to finish the building according to the provisions of the contract, we are of the view that this cause is ruled by the pronouncements of our Supreme Court in Graves v. Allert & Fuess, 104 Tex. 614, 142 S.W. 869, 39 L.R.A.,N.S., 591 (1912), and Hutson v. Chambless, 157 Tex. 193, 300 S.W.2d 943, (1957), and cases there cited. See also Texas Digest, Damages ☞123. As we understand the above cases, since the court tried this cause in order to find out whether or not the contractor had substantially completed the building according to the contract, and the further inquiry if he had not done so, what it would cost to finish the building so as to make it comply with the terms of the contract, and since Williams and his wife did not object to the theory upon which the cause was tried, nor the theory upon which the court submitted the measure of damages to the jury, they are in no position to complain. See Rules 277–279 and 324 Texas Rules of Civil Procedure. See also West v. Slaughter, Tex.Civ.App., 384 S.W.2d 185 (1964) n.r.e. It is obvious that the judgment entered by the trial court did not conform to the verdict rendered by the jury. The Williams were obligated to pay $20,000.00 for the construction of the building if it were constructed according to the plans and specifications. The jury found it was not so constructed, and further found that it would require an expenditure of $7,120.00 to make the building conform to the plans and specifications. It follows the Williams are entitled to a credit of $7,120.00 on the note for $20,000.00, and that the Construction Company is entitled to recover against them for such difference with 6½% interest thereon from maturity of the note, which was the 1st day of July, 1964 (no payments). The Construction Company is entitled to recover the 10% attorney's fees provided for in said note on the balance of the principal and interest due on the date the judgment was entered on July 18, 1966, with foreclosure of its lien. So, that part of the judgment entered by the trial court which decreed that the Construction Company take nothing against Williams and his wife on the note in suit is reversed and rendered, and judgment is rendered in behalf of the Construction Company against Williams and his wife on such note for the sum of $12,880.00, with interest thereon at 6½% per annum from 1st day of July, 1964, to date of judgment and until paid. Judgment is further rendered in favor of Paul W. Wommack, and the firm of Schlosser & Whitcomb, for 10% attorneys' fees on the balance of the note for $12,880.00, and interest thereon up until the date the judgment was entered, and this part of the judgment shall bear interest at the rate of 6% per annum from date of judgment. The judgment in favor of the Construction Company for the sum of $326.00 bears interest from date of judgment at the rate of 6% per annum. It is further ordered, adjudged and decreed that the Construction Company have foreclosure of its deed of trust lien on the property herein described for the payment of the balance due on the note with interest and attorneys' fees as hereinbefore set out, and the Clerk of the District Court is directed to issue order of sale, and such other writs as may be nec-

essary for the proper enforcement of this judgment, together with all costs incurred herein. The judgment of the trial court rendered in favor of the Construction Company for $326.00 against Tom Williams and wife, Marie Williams, bearing interest from date at 6% per annum from date of judgment is in all things affirmed. The judgment rendered in favor of the Medical Center National Bank of Houston is in all things affirmed. The judgment that Williams take nothing on their cross-action for liquidated damages is affirmed.

It follows that appellant's points, insofar as they are in harmony with the disposition which we make of this cause, are sustained; in all other respects they are overruled. The cross-points of the Williams and each of their counter-points are overruled.

This cause is affirmed in part, and in part reversed and rendered with foreclosure as herein stated.