Herbert H. BLEVINS, d/b/a Blevins Lumber Company, Appellant,

v.

Ira BAKER, Appellee.

No. 12123.

Court of Civil Appeals of Texas, Austin.

June 12, 1974.

Rehearing Denied July 10, 1974.

Dane Everton, Kacir, Lesikar, Kacir & Everton, Temple, for appellant.

Charles C. Smith, Jr., Cameron, for appellee.

O'QUINN, Justice.

Ira Baker brought this lawsuit as a subcontractor furnishing labor and materials to paint and decorate a six apartment complex constructed in 1971 by Blevins Lumber Company for W. L. McIntosh and wife in Milam County. Baker sued for a balance due under his subcontract and for extra labor and materials furnished in excess of the contract, and for attorney's fees.

Upon a jury verdict in response to special issues, the trial court entered judgment for Baker against Herbert H. Blevins and J. P. Blevins, partners operating Blevins Lumber Company, for the sum of $1,071.50 and for attorney's fees in the amount of $350. Blevins moved for a new trial upon fifty-five specified grounds and is before this Court on appeal bringing fifteen points of error.

We will reform the judgment of the trial court, and, as reformed, the judgment will be affirmed.

Blevins levels the first eight points of error at Special Issue No. 1, pertaining to extra work and materials:

"Do you find from a preponderance of the evidence that Ira Baker, at the request of Blevins, performed 'extras' on the McIntosh Apartment construction project?"

The trial court defined "extras" as "work not contemplated by the parties under the original agreement between Baker and Blevins." The jury answered the issue, "We do."

Baker pleaded that "extras" performed consisted of labor on six hallways, cabinets in six kitchens and six bathrooms, five coats of finishing on ceiling and wall vents, painting a two-room utility building, and extra coating in two apartments due to poor quality of material. Materials furnished were for the cabinets. The hours of work spent on each area were specified,

and labor was calculated on a basis of $4 per hour. The material furnished for the cabinets was itemized at $25. The total pleaded by Baker for "extras" amounted to $749, for both labor and materials.

The first eight points of error, in summary, are that the issue as submitted was (1) multifarious and (2) global because all extras were lumped together; and the issue (3) did not inquire whether an agreement was reached on extras, (4) whether an agreement was reached on plans and specifications of extras, (5) whether an agreement was reached on price of extras, (6) whether extras were completely performed, (7) whether extras were substantially performed, and (8) whether extra work was performed in compliance with plans and specifications.

The issue Blevins requested, as a substitute for the issue submitted, included sixteen parts designated "A" through "P", and the requested instructions to accompany the requested issue were six in number. In addition, Blevins requested Special Issue No. 2, dealing with whether Baker completed his contract, containing four parts, "A" through "D"; Special Issue No. 3, dealing with an agreement of Baker and Blevins as to *interior* painting, consisting of sixteen parts, "A" through "P"; Special Issue No. 4, dealing with an agreement as to *exterior* painting, consisting of sixteen parts, "A" through "P"; Special Issue No. 5, dealing with an agreement on "finishing cabinets," consisting of sixteen parts, "A" through "P"; and Special Issue No. 6, dealing with an agreement on "caulking windows," consisting of sixteen parts, "A" through "P".

If the court had submitted all issues requested by Blevins, the jury would have been called upon to consider answers to eighty-four inquiries.

The trial court submitted five special issues, under which the jury found (1) that Baker had performed "extras" which (2) had a value of $736.50, and failed to find (3) that Baker did not perform his con-

tract "in good, workmanlike manner." By reason of the jury's answers to the first three issues, the last two issues properly were not answered.

The ultimate and controlling issues with respect to the "extras" Baker sued for were whether Baker performed the work and furnished the materials at the request of Blevins, and if he did, what was the value of the labor done and materials furnished. The trial court submitted the first of these issues in Special Issue No. 1. In Special Issue No. 2, conditionally submitted, the court inquired, "What was the reasonable value, if any, of the labor and materials furnished by Mr. Baker for the 'extras' referred to in the foregoing issue . . ." to be answered in dollars and cents, or "none." The jury answered this issue as the sum of $736.50, a figure less than the amount Baker sued for.

Because the court refused to submit other and various phases, or different shades, of the same issues, Blevins insists the judgment should be reversed and the cause remanded for another trial. This we decline to do for the reason that we find the trial court fairly submitted the controlling issues raised by the pleadings and the evidence. Rule 279, Texas Rules of Civil Procedure; Stricklin v. Southwest Reserve Life Insurance Company, 234 S.W.2d 439, 442 (Tex.Civ.App. Texarkana 1950, writ ref.).

In contending that Special Issue No. 1 was fatally defective because it embraced a number of subsidiary facts, Blevins relies on the decision in Cloer General Contractor v. Brown, 331 S.W.2d 426, 428 (Tex. Civ.App. Fort Worth 1960, no writ). In that case, as pointed out by the Court, ". . . plaintiff alleged and testified to *sixteen separate oral agreements* as to extra work and materials furnished on *sixteen different streets*." (Emphasis added) In the case on appeal there was a single apartment building, at one location, and Baker alleged and testified to one agreement with Blevins for extra work and ma-

terials on the project. Although Blevins, in requesting special issues, asked for separate inquiries as to "exterior" and "interior" painting, as to "cabinet finishing," and as to "caulking windows," the inexpediency of such fragmentation is apparent under the facts.

The trend in recent years has been for the courts, in nonnegligence cases, to allow more liberal grouping of facts into a single issue. (24 S.W.Law Jour. 189, and cases cited.) The Supreme Court, in 1973, extensively revised Rule 277 on special issues, and added language in the Rule now provides: "It shall be discretionary with the court whether to submit separate questions with respect to each element of a case or to submit issues broadly. It shall not be objectionable that a question is general or includes a combination of elements of issues. Inferential rebuttal issues shall not be submitted." (Rule 277, Texas Rules of Civil Practice, grammatical paragraph 2, effective September 1, 1973.) This case was tried in May of 1973, prior to effective date of the revised Rule, but if remanded for trial, the revised Rule would be applicable.

Under points nine, ten, and eleven, Blevins contends that the court should have submitted issues inquiring whether Baker did a job "of satisfaction to Mr. McIntosh," whether Baker completed performance, and whether he substantially performed his contract. In submitting his bid on the painting and decorating of the six apartments, Baker agreed "to do a job that will be of satisfaction to Mr. McIntosh."

■ In response to Special Issue No. 3, inquiring whether "Baker failed to perform his painting contract with Blevins in good, workmanlike manner," the jury answered, "We do not." Blevins contended at the trial that Baker did not perform the contract in a good and workmanlike manner and sought to make proof of this contention. By its answer, the jury made clear that Blevins failed to show that Baker's performance of the contract was not good and workmanlike.

■ If Baker did not fail to do a good and workmanlike job, it is immaterial whether McIntosh voiced a dissatisfaction. All that is required of a workman in performing his contract is to do a good and workmanlike job, which also is to say that he has completed the job and has substantially performed his job, for if the work is not complete and is not substantially complete, it does not meet the test of being good and workmanlike.

Under points twelve and thirteen Blevins insists that Special Issue No. 3, inquiring whether Baker failed to perform in a good and workmanlike manner, constitutes a comment on the weight of the evidence in that it assumes (1) that Baker completely performed the contract and (2) substantially performed the contract.

We have considered and rejected these contentions in disposing of points nine, ten, and eleven. Points nine through thirteen are overruled.

■ Under the fourteenth point of error, Blevins complains that the judgment erroneously awarded Baker his attorney's fees of $350. We overrule this point. We regard this as a classic case in which Article 2226, Vernon's Ann.Civ.St., authorizes recovery of attorney's fees. The statute declares that "Any person having a valid claim against a person or corporation for *services rendered, labor done, material furnished* . . . may present the same . . . [and if the claim is not paid in thirty days] . . . and [if] he should finally *obtain judgment for any amount* thereof . . . he may *also recover, in addition to his claim and costs, a reasonable amount as attorney's fees*, if represented by an attorney." (Emphasis added) Ritter v. Kendrick, 482 S.W.2d 369, 376 (Tex.Civ.App. Austin 1972, no writ); Page v. Superior Stone Products, Inc., 412 S.W.2d 660, 665 (Tex.Civ.App. Austin 1967, writ ref. n. r. e.).

Blevins claims under the fifteenth and final point of error that because J. P. Blevins was not named a party to this suit in Baker's petition and was not served, it was error to enter judgment against him, jointly and severally, with Herbert H. Blevins, the other partner in Blevins Lumber Company.

The trial court, in entering judgment against the Blevins brothers, who are partners doing business as Blevins Lumber Company, ordered the judgment paid from a deposit of $1,500 placed in the registry of the court by McIntosh and his wife as owners of the apartment complex. In a verified answer to Baker's petition, Herbert H. Blevins stated, ". . . Blevins Lumber Company is a partnership composed of Herbert H. Blevins and J. P. Blevins, as partners. That such said sum of $1,500 is rightfully due to Blevins Lumber Company, a partnership." Blevins prayed that the clerk of the court "be ordered to pay the $1,500 now on deposit . . . to Defendant, Herbert H. Blevins and Blevins Lumber Company . . ."

 J. P. Blevins, the partner not named in the petition and not served with citation, personally attended the trial and participated by giving testimony, in which he stated that he was associated with his brother, Herbert H. Blevins, in the Blevins Lumber Company and that the two of them ". . . were equally on the general contract [McIntosh apartment complex], and I was in charge of the construction work itself." These acts were not sufficient to make J. P. Blevins, individually, a party to the suit and did not constitute an appearance by him so as to submit himself to jurisdiction of the court.

We reverse that part of the trial court's judgment ordering that Ira Baker have and recover of and from J. P. Blevins individually.

Service of citation upon Herbert H. Blevins was sufficient to authorize judgment against the firm and against him individually. Article 2033, V.A.C.S.; Acts 1858, p. 110; Article 2223, V.A.C.S., Acts 1858, p. 110. (See Article 6132b, sec. 46(B), (C); Acts 1961, 57th Leg., p. 289, ch. 158.)

We reform the judgment to provide that Ira Baker do have and recover of and from the defendants below, Herbert H. Blevins and Blevins Lumber Company, a partnership, jointly and severally, the sum of $1,071.50, and attorney's fees in the further sum of $350.00, together with interest on said sums at the rate of six percent per annum from date of the judgment, and all costs of suit, for which execution may issue.

As so reformed, the judgment of the trial court is in all things affirmed.