R. L. WARREN and wife, Leta
Warren, Appellants,

v.

H. G. DENISON, dba Denison
Contractors, Appellee.

No. 8825.

Court of Civil Appeals of Texas,
Amarillo.

Jan. 23, 1978.
Rehearing Denied Feb. 27, 1978.

Garner, Vickers & Purdom, Robert E. Garner, Lubbock, for appellants.

Bowers, Cotten & Harland, Claude W. Harland, Lubbock, for appellee.

DODSON, Justice.

In this case the appellants are R. L. Warren and wife Leta Warren. The appellee is H. G. Denison d/b/a Denison Contractors. In the trial court Denison recovered judgment against the Warrens in the amount of $71,540.96. We reform the judgment and as reformed the same is affirmed.

The dispute arose out of a transaction, wherein the Warrens contracted with Denison, a building contractor, for the construction of a house on the Warrens' property in Tahoka, Lynn County, Texas. The transaction was initiated by the parties executing written instruments. They made and entered into a contract for the construction of the house, and signed a note in payment for

the construction in the original principal sum of $73,400 with interest at the rate of ten per cent per annum from maturity. The note further provided for a reasonable attorney's fee "if this note is placed in the hands of an attorney for collection, or collected by suit." The promissory note was secured by a mechanics and materialmans lien and a deed of trust lien on the property on which the house was to be constructed.

After Denison constructed the house, the parties were unable to consummate the transaction. The matters in controversy were unresolved by negotiation between the parties, and Denison initiated foreclosure proceedings by exercising the power of sale provided for in the deed of trust.

The Warrens brought suit against Denison for a declaratory judgment, seeking in part an adjudication of no "further obligation to perform any condition contained" in the construction contract, alleging that Denison had not substantially performed the same. Also, the Warrens sought various items of damages for loss of use of the property, loss of loan commitment at a more favorable interest rate, diminished market value of the property for poor workmanship, and attorney's fees all in the total amount of $31,588.25. Further, the Warrens sought an injunction to restrain J. B. Cotten, Jr., the substitute trustee, from proceeding with foreclosure under the deed of trust.

Denison answered and filed his cross-action alleging substantial performance under the construction contract, and sought to recover from the Warrens the unpaid balance of $48,400 due on the construction contract and the promissory note, interest on that sum at the rate of ten per cent per annum from December 22, 1974, a reasonable attorney's fee of $12,100, and an unpaid balance of $9,643.57 alleged due and owing for the reasonable value of "additions and modifications not set forth in the plans and specifications." In his cross-action, Denison further sought damages for additional interest paid by him on his interim financing arrangement in the amount of $8,740 as of July 22, 1976, plus $14.84 per day for said

interest since July 22, 1976. He also sought to recover for insurance he carried on said residence from December 17, 1974, in the amount of $1,423 as of July 22, 1976, plus $2.42 per day for such insurance since July 22, 1976, utilities in the amount of $793.26, and $75,000 for "embarrassment, harrassment [sic], loss of business opportunity and unfounded claims of structural damage and poor workmanship, which has damaged his business reputation," and the further claim of $75,000 for exemplary or punitive damages. Denison's prayer was for a total of "$231,099.83, plus the additional interest and insurance which has accrued since July 22, 1976 . . . his costs of court herein expended, and such other and further relief as he may show himself justly entitled, either at law or in equity."

The case was tried before a jury. At the close of the testimony, the court submitted 31 special issues. After the jury returned its answers to the special issues, the court entered judgment in favor of Denison, for, among other things, the amount of $71,540.96, together with ten per cent per annum interest thereon until paid. From this judgment the Warrens appeal to this court and bring nine points of error.

In the Warrens' first point of error they claim a fatal conflict in the jury's answers to Special Issues Nos. 23 and 2. These special issues and their respective answers are as follows:

SPECIAL ISSUE NO. 23

Do you find from a preponderance of the evidence that on or about February 17, 1975, H. G. Denison had made substantial compliance with the terms of the contract between the parties hereto of May 17, 1974?

Answer: "He had made substantial compliance," or "He had not made substantial compliance."

The jury answered: "He had made substantial compliance."

SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that the dwelling in question was not built and completed by Denison in a good and workmanlike manner,

and/or of good substantial materials, and in accordance with the plans and specifications, the mechanic's and materialman's lien contract, and/or the construction contract agreed upon between the parties, at the time it was retaken by the Warrens?

Answer "It was" ʾor "It was not," as you may find.

The jury answered: "It was not."

█ In Special Issue No. 23, the jury found Denison had "made substantial compliance" with the contract between the parties and, in Special Issue No. 2, the Warrens contend that the jury found: (a) that Denison did not build and complete the house in a "workmanlike" manner; (b) that he did not complete the house of "good substantial material"; and (c) that he did not build and complete the house "in accordance with the construction contracts." The Warrens contend that the terms "substantial performance," "workmanlike manner," "good substantial material" and "in accordance with the construction contracts" as used in the charge are legally synonymous and result in a fatal conflict in the jury's findings on such issue, which is sufficient to prevent Denison from recovering in this case under any theory alleged by him. We do not agree. We conclude there is no fatal conflict between the jury's findings on the two issues.

█ The Texas courts have applied the doctrine of "substantial performance" to construction contracts since 1891. *Linch v. Paris Lumber & Grain Elevator Co.*, 80 Tex. 23, 15 S.W. 208 (1891). This doctrine recognizes that literal performance of each and every particular of such contracts is virtually impossible. Rather than require perfect performance of every particular, substantial performance is regarded as *full* performance in allowing the builder to recover on the contract. However, in such instances, the measure of recovery is the contract price *less* the cost of completing or repairing the building to contract specifications. *Atkinson v. Jackson Bros.*, 270 S.W. 848 (Tex.Com.App.1925, holding approved); *Graves v. Allert & Fuess*, 104 Tex. 614, 142

S.W. 869 (1912); *Perryman v. Sims*, 506 S.W.2d 753 (Tex.Civ.App.—Tyler 1974, writ ref'd n. r. e.).

The court noted in *Perryman v. Sims, supra*, at page 756 as follows:

Where the jury finds substantial performance, a further finding that the work was not performed in a good and workmanlike manner does not, in our opinion, prevent a recovery on the contract. In these circumstances, the measure of damages is the contract price less the amount necessary to compensate for the deficiency.

*See also, Loggins v. Gates*, 301 S.W.2d 525, 528 (Tex.Civ.App.—Waco 1957, writ ref'd n. r. e.).

█ It is apparent that a finding that the builder did not complete the contract in a good workmanlike manner does not necessarily mean that he has not substantially performed the contract. The instances of failure to perform in a workmanlike manner are often no more than deviations from perfect compliance, which reduce the recovery on a contract otherwise substantially performed. *Perryman v. Sims, supra.*

The Warrens rely on *Blevins v. Baker*, 511 S.W.2d 375 (Tex.Civ.App.—Austin 1974, no writ) for the proposition that "substantial performance" and "good workmanlike construction" are synonymous. The case will not support such assertion. There was no issue concerning substantial performance by the contractor to the owner. That case concerned performance by a subcontractor to the general contractor. The language relied upon by the Warrens is at most dictum, not controlling here. At most, the Blevins dictum means that if a contract has not been substantially performed it cannot be workmanlike. Our case is just the opposite. As noted in *Perryman v. Sims, supra*, a job can be substantially performed with some breaches of workmanlike construction preventing *full or perfect performance.*

█ In this case the trial judge reconciled the jury's findings in a reasonable manner. In reviewing his decision we are

required to examine the entire verdict and to indulge every reasonable presumption in favor of the judgment that was rendered on the verdict. *Godde v. Wood,* 509 S.W.2d 435, 442 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.).

■ The jury found against the Warrens and in favor of Denison on Special Issues Nos. 3, 11, 13 and 17. In Special Issue No. 11, the jury answered "we do not" to the following inquiry:

Do you find from a preponderance of the evidence that the dwelling in question was not constructed in a good and workmanlike manner, or that inferior materials and/or equipment were used, in such a manner which because of their nature cannot be reasonably repaired or altered, and which results in a diminishment of the market value of the dwelling in question, exclusive of any defects which are capable of being repaired?

In Special Issue No. 13 the jury found that Denison had not

. . . engaged in false, misleading, or deceptive acts or practices in his conduct in the construction of the residence in question in any one of the following particulars

(a) Refuse to complete the contract timely;

(b) Refuse to deliver possession;

(c) Made excessive claims or demands;

(d) Installed inferior or substandard equipment or materials;

(e) Permitted inferior and poor workmanship to be used in the residence in question;

(f) Refused to correct, replace and/or repair obvious known defects and failures;

(g) Unreasonably threatened foreclosure;

(h) Unreasonably attempted foreclosure;

(i) Unreasonably withheld execution of necessary instruments to accomplish closing for the purpose of causing fear, anxiety, and/or apprehension to the Warrens;

(j) Has unreasonably conducted a course of criticism, abusiveness, and harshness towards the Plaintiffs or either of them, so as to embarrass, coerce and induce Plaintiffs to comply with any unreasonable demands of Denison, if any.

In Special Issue No. 3 the jury found that at the time the Warrens took possession of the dwelling in question it was fit for the ordinary purposes for which such dwelling was to be used. And in Special Issue No. 17 the jury found that the dwelling as constructed had a market value of $5,718.50 greater than it would have had if it had been built according to the plans and specifications.

The jury found in Special Issue No. 7 that the dwelling in question was not free from defects in workmanship at the time the Warrens took possession. However, the jury did find that any defects in the dwelling could be reasonably repaired and made to conform to either the express or implied warranties for $1,961.50 and that $200 was a reasonable and necessary cost for the Warrens to obtain inspections and estimates for repairs of the defects. Thus, the Warrens were entitled to have this total of $2,161.50 deducted from the note and contract balance.

The Warrens' contention under this point of error cannot be sustained for yet another reason.

■ Special Issue No. 2 was an erroneous submission of the matters therein inquired of in the *conjunctive* and *disjunctive* (and/or). In *Parker v. Keyser,* 540 S.W.2d 827, 831 (Tex.Civ.App.—Corpus Christi 1976, no writ) the court held that such a submission violates Rule 277, T.R.C.P. In essence, the rule only authorizes *disjunctive* submission "this *or* that" when the two issues are *mutually exclusive.* Rule 277, T.R.C.P. provides in part:

The court may submit an issue disjunctively where it is apparent from the evidence that *one or the other* of the conditions or facts inquired about *necessarily* exist. For example, the court may, in a

workman's compensation case, submit in one question whether the injured employee was permanently or only temporarily disabled.

(Emphasis added). Here, as in *Parker,* the choices are *not* mutually exclusive. The very use of *and/or* shows that the choices do not exclude each other because the jury is given the opportunity to find that *both* occurred, not just that one or the other occurred. As the court in *Parker* noted: "The specific authorization by Rule 277, T.R.C.P. of disjunctive submission extends only to the presentation of true opposites, that is, to inferential-rebuttal situations and to alternative grounds of recovery which are factually inconsistent." *Id.* at 831.

Denison properly and timely objected to the erroneous submission in the trial court and brings such objection forward to this court. The Warrens cannot now be heard to complain of an alleged fatal conflict supposedly created by their erroneous issue. The Warrens' first point of error is overruled.

■ In Point of Error No. 2 the Warrens say that interest, attorney's fees, and insurance cannot be awarded because Denison did not perform a condition precedent to receiving payment, *i. e.,* he did not build according to plans and specifications. Appellants cite two cases, *Ryan v. Thurmond,* 481 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.) and *El Paso & S. W. R. Co. v. Eichel & Weikel,* 130 S.W. 922 (Tex.Civ.App.—1910, writ ref'd), saying that stated conditions must be performed prior to recovery of payment.

This argument is contra to the doctrine of substantial performance. As previously discussed, substantial performance was created precisely to satisfy conditions precedent by stating that substantial equals *full* performance of the contract and all conditions. *See* 10 Tex.Jur.2d *Building Contracts* § 21 (1959) at 25; *Linch v. Paris Lumber & Grain Elevator Co., supra;* *Perryman v. Sims, supra; Hou-Tex Construction Co. v. Williams,* 417 S.W.2d 597 (Tex. Civ.App.—Waco 1967, writ ref'd n. r. e.).

Also, as pointed out above, Special Issue No. 2 was an erroneous submission, properly objected to by Denison. Therefore, any claimed error thereunder is waived and the issue and the answer thereto should be disregarded. The Warrens' second point of error is overruled.

■ In Point of Error No. 3, the Warrens contend that the trial court erred in awarding attorney's fees of $9,000 and interest damages of $12,816 because Denison failed to minimize these damages by refusing their offer to settle matters not in the controversy in May of 1975. We do not agree. The Warrens have the burden of showing a valid, legal and sufficient unconditional tender. *Rozelle v. First National Bank in Dallas,* 535 S.W.2d 768 (Tex.Civ. App.—Waco 1976, writ ref'd n. r. e.). In *Baucum v. Great American Insurance Company of New York,* 370 S.W.2d 863, 866 (Tex.1963) our Supreme Court set forth the elements of a valid tender as follows:

A tender is an unconditional offer by a debtor or obligor to pay another, in current coin of the realm, a sum not less in amount than that due on a specified debt or obligation. . . . A valid and legal tender of money consists of the actual production of the funds and offer to pay the debt involved. The tenderer must relinquish possession of it for a sufficient time and under such circumstances as to enable the person to whom it is tendered, without special effort on his part, to acquire its possession.

The Warrens failed to discharge this burden. Under the procedural circumstances in this case, we must conclude that any issue on tender and failure to minimize damage was waived by the Warrens since they failed to request and obtain a favorable finding by the jury on these matters. Rule 279, T.R.C.P. The third point of error is overruled.

■ In Point of Error No. 4, the Warrens contend, among other things, that the court erred in awarding $12,816 as interest damages because "(b) there is insufficient evidence to support an award in such an

amount" and "(f) the amount claimed by the Builder as extras was unliquidated and unascertained until the verdict was returned by the jury." The Warrens assume that the judgment entered by the trial court included the $12,816 figure found by the jury in response to Special Issue No. 25 determining the amount of interest paid by Denison on his interim financing arrangement since February 17, 1975. Denison asserts the judgment includes only the amount of $11,349.36 as interest, but confesses his inability to determine how the trial court arrived at such figure. We do not agree that either figure is correct and further conclude that this court has authority to reform the judgment entered by the trial court to properly reflect the correct amount of interest which should have been included in the same. Rule 434, T.R.C.P.

It is undisputed by the parties and the record reflects that the Warrens executed and delivered to Denison a promissory note in the original principal sum of $73,400 bearing no interest from date (May 22, 1974) to maturity thereof (on or before seven months after date); that such note was given "in payment for the construction of certain improvements upon that certain lot or parcel of land situated in Lynn County, Texas . . ." and that such note further provided that "[a]ll past due principal on this note shall bear interest at the rate of ten per cent per annum." It is further undisputed that the Warrens paid Denison the sum of $25,000 on the note and contract during the course of the construction of the house.

The jury found that Denison had substantially complied with the construction contract on or about February 17, 1975, that repairs in the amount of $1,961.50 were required to conform the dwelling to any express or implied warranties made by Denison, and that the sum of $200 was a reasonable inspection fee to ascertain the necessary repairs.

■ The finding of substantial performance is sufficient to predicate a recovery by Denison for the unpaid principal balance on the note, plus interest and a reasonable

attorney's fee as provided therein. However, such finding will not support award of $12,816 or a lesser amount paid by Denison for interest on his interim financing arrangement from February 17, 1975. By the express terms of the promissory note, the parties specifically contemplated and agreed only on interest at the rate of ten per cent per annum on the unpaid balance on the note from maturity until paid. Denison's right to recover any amount of so-called prejudgment interest is limited to the interest provided for in the note. Under the substantial performance doctrine the note did not mature until Denison had substantially complied with the construction agreement. Special Issue No. 23 and the jury's answer determined this date to be February 17, 1975. Thus, as a matter of law, Denison is entitled to recover interest only on the unpaid note balance of $46,-238.50 from February 17, 1975, until paid. The Warrens' Point of Error 4(b) is sustained.

By any apparent method of calculation, the judgment amount of $71,540.96 contains interest in excess of ten per cent per annum on $46,238.50 from February 17, 1975, to November 8, 1976 (the date of the judgment in the trial court).

■ Likewise, the promissory note does not provide for interest on the so-called extras or "additions or modifications not set forth in the plans and specifications" which are mentioned in the construction contract dated May 17, 1974. In regard to such matters, the contract only provides as follows:

> It is understood and agreed that any additions or modifications not set forth in the plans and specifications as agreed upon between the parties *shall* be paid for by Owners upon completion of the construction, thereby increasing the consideration accordingly.

(Emphasis added) This provision is no more than an agreement to pay for such items over and above the $73,400 amount set forth in the contract and promissory note. The contract does not set forth any method for "ascertaining the sum payable"

for these items. *See* Article 5069–1.03 V.A. C.S.

In response to Special Issue No. 22, the jury determined that Denison was entitled to $5,718.70 for the additions and modifications. The undisputed evidence shows that the Warrens had paid during the course of construction of the dwelling the amount of $2,500 to Denison on such items. The unpaid balance of $3,218.70 is and should have been included in the total judgment amount; however, the amount should bear interest at the rate of nine per cent per annum from the date of judgment (November 8, 1976) until paid. *See* Article 5069–1.05 V.A.C.S. (Supp.1976–77). The judgment of the trial court provided that the total amount of $71,540.96 bear interest at the rate of ten per cent per annum until paid. We sustain the Warrens' contention in subpart (f) of Point of Error No. 4 and the judgment is corrected and reformed to reflect interest on the $3,218.70 amount for extras at the rate of nine per cent per annum from November 8, 1976, until paid.

The Warrens in Point of Error No. 5 complain that "[t]he District Court erred in awarding Builder $9,000.00 in attorney's fees because (a) Builder's claims are for breach of contract and not within the scope of article 2226; (b) Builder's claims are for breach of contract and not for collection of a note; and (c) there is no evidence or insufficient evidence to support the award of $9,000.00."

As pointed out previously, Denison's cross action sought to recover the unpaid balance on the promissory note, plus interest and a reasonable attorney's fee as therein provided. The promissory note was given in payment of the construction contract. Denison had to show that the dwelling substantially complied with the plans and specifications of the construction contract. The thrust of Denison's action evolved from his showing substantial performance and defeating the Warrens' allegations of non-performance on the matters inquired into in Special Issues Nos. 11, 13, and 17 and other related matters concerning the house construction inquired into in Special Issues Nos. 1, 3, 4, 5, 7, 8, 9, 10, 12, 14, 16, and 18. The jury answered all of these issues favorable to Denison.

The trial of the case consumed approximately nine days in the trial court. The controversy covered approximately 20 months up to the time of the trial. In this time, three different court hearings were held, the trial court's ruling on a plea of privilege was taken on appeal to this court, and seventeen days were devoted to preparation for trial. All of these matters were conducted by Denison's same attorney, Mr. Harland, who appeared herein, and who also testified at the trial as follows:

It is my testimony, and I will hereby attest that I have spent just as much time on this case, in the eighteen months, or since February of 1975, as I have spent in the last twenty-one days in preparation for this trial.

Mr. Charles Galey, an experienced attorney and partner in Brock, Waters and Galey, Attorneys, of Lubbock, Texas testified that a reasonable attorney's fee based on time and effort was $50 per hour and that such per hour rate applied to 272 hours worked constituted $13,600. Mr. Harland's testimony justified a greater number of hours than used by Mr. Galey in his computation.

All of these facts were before the jury, who had an opportunity to review the full matter in court and hear all of the testimony concerning activities between the parties leading up to the lawsuit. We conclude that the jury's finding of a reasonable fee in the amount of $9,000 is amply supported by more than sufficient evidence.

The Warrens contend that the award of $9,000 attorney's fees should be reversed because Denison's claims are for a breach of contract and not for collection under the promissory note. We do not agree. As previously stated, Denison's claims and recovery for the unpaid balance on the note and the so-called extras grew out of the written contract between the parties. The promissory note was given "in payment for the construction" of the dwelling. The Warrens' failure to pay the balance due and owing on the note does not convert Deni-

**308**

son's cross-action into a breach of contract case. As previously stated, Denison's substantial performance of the contract satisfied the conditions precedent to recovery thereunder. Denison pleaded and proved the note.

Also, the Warrens assert in their brief under this point that a "reasonable attorney's fee" as provided in the note is limited to "ten per cent on the amount of principal and interest then due" as set forth in the mechanics and materialmans lien securing the note. We do not agree. It is undisputed and the parties agreed in oral argument before this court that the written instruments, in this matter, formed parts of a single transaction.

In general, where there is difference between the terms of the note and of the mortgage or lien given to secure it, the terms of the note control on matters such as attorney's fees. 39 Tex.Jur.2d *Mortgages and Trust Deeds* § 24 (1976). Here the language employed in the lien is no more than an inaccurate description of the note to which it makes reference.

We conclude that Denison's recovery was under the note and the evidence is more than sufficient to support the award by the jury of $9,000 as attorney's fees. The Warrens' fifth point of error is overruled.

In Point of Error No. 8, the Warrens contend that "[t]he District Court erred in awarding interest damages on attorney's fees prior to judgment." Denison is not entitled to recover prejudgment interest on the amount of attorney's fees. The note does not provide for interest at the ten per cent rate either before or after judgment. The judgment is reformed to correctly reflect interest on such amount from the date of judgment (November 8, 1976) until paid. To this extent the eighth point of error is sustained.

In Point of Error No. 6, the Warrens challenge the sufficiency of the evidence to support the award of $1,534.40 to Denison for the cost of insurance premiums paid by him. The insurance on the dwelling contemplated and agreed to by the parties is expressed in the mechanics and materialmans lien contract. This agreement provided that the Warrens were to insure the house for $73,400 with an insurance company approved by Denison. Denison was to be named as loss-payee and was entitled to keep the policy. Denison had the burden of establishing a breach, if any, of these provisions of the agreement and his damages, if any, sustained thereby. *Blackstock v. Gribble*, 312 S.W.2d 289 (Tex.Civ.App.—Eastland 1958, writ ref'd n. r. e.). The jury's finding of substantial compliance under the construction contract dated May 17, 1974, does not establish a breach of the insurance provisions in the mechanics and materialmans lien contract, and Denison directs us to no evidence to establish such a breach.

Also, there is no evidence that Denison was required to insure the house as natural consequence of any breach by the Warrens. By the terms of the insurance provisions in the lien above set forth, Denison was in a position to *know* the status of insurance policies on the house. Yet he now argues that it was reasonable to assume that the house policy did not carry him as loss-payee after July 24, 1975 when the Warrens moved in. We cannot support a finding with such speculation. First, Denison was in a position to know whether or not the Warrens complied with this part of the mechanics and materialmans lien. If they breached, then he should have shown it. Second, Special Issue No. 26 inquired of Denison's obligation to insure the house in February, not the following July. In short, there is no evidence to support this finding.

The Warrens' sixth point of error is sustained and the judgment is reformed to exclude the award of $1,534.40 as damages for the payment of insurance premiums on the dwelling by Denison since February 17, 1975.

In Point of Error No. 7, the Warrens complain that:

The District Court erred in failing to award plaintiff Owners $4,320.00 for additional interest expense found by the

jury in Special Issue No. 19, because the expense was a direct result of the defendant Builder's breach of contract as found by the jury in Special Issue No. 2.

We do not agree. As previously stated, Special Issue No. 2 was an erroneous submission and the jury's answer thereto must be disregarded. Also, the jury answered Special Issues Nos. 1, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, and 18 against the Warrens and favorable to Denison. The seventh point of error is overruled.

In Point of Error No. 9, the Warrens complain that "[t]he trial court erred in allowing pre-judgment interest on damages recovered on quantum meruit or on substantial performance of the contract because where a judgment is based on quantum meruit or on substantial performance of a contract, interest is allowed only from the date of judgment."

 It is the settled law of this state that the right to recover in quantum meruit is based upon a promise implied by law to pay for beneficial services rendered and knowingly accepted. *Davidson v. Clearman*, 391 S.W.2d 48 (Tex.1965). If a valid express contract covering the subject matter exists, then there can be no recovery upon a contract implied by law. *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674 (Tex.1964).

Here the construction of the dwelling was provided for by a contract between the parties; the note was given in payment of the construction of the dwelling described in the contract. Denison's recovery was under the note. His interest recovery is conformed to the provision of the note. The ninth point of error is otherwise overruled.

In summary, for the reasons herein stated, we sustain the Warrens' Sub-points of Error No. 4(b) and 4(f) and Point of Error No. 8; however, all other points of error and sub-points of error are hereby overruled. Accordingly, the judgment of the trial court is corrected and reformed to provide, in lieu of the monetary recovery stated therein, that H. G. Denison, d/b/a

Denison Contractors, have and recover of and from R. L. Warren and wife, Leta Warren, the sum of $46,238.50 with interest thereon at the rate of ten per cent per annum from February 17, 1975, until paid and the further sum of $12,218.70 with interest thereon at the rate of nine per cent per annum from November 8, 1976, until paid, and as reformed the judgment is in all other things affirmed.

### ON MOTION FOR REHEARING

After reviewing Appellant's Motion for Rehearing and accompanying brief, we have determined that our opinion, as previously issued, correctly states the applicable law concerning appellant's first point of error. However, the Warrens also complain that costs were improperly taxed against them under Rule 435, Texas Rules of Civil Procedure. The judgment against the Warrens was reduced approximately 6 percent. Accordingly, costs are to be taxed 94 percent to the Warrens and 6 percent to appellee Denison. To this extent, appellant's second point of error is sustained; otherwise, it is overruled. Except to this extent, we adhere to our former disposition of the case and Appellant's Motion for Rehearing is overruled.